UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Joseph Aaron Caldarera,<br>*Plaintiff,*<br><br>v.<br><br>CONSTITUTIONAL SHERIFF'S PEACE OFFICER'S ASSOCIATION, INC.; MONTGOMERY COUNTY; WESLEY DOOLITTLE, Sheriff MCSO in his official capacity; RICHARD MACK, Chairman CSPOA; RAND HENDERSON, former Sheriff in his individual capacity; LESLESLY WILLIAMS, arresting officer in his official and individual capacities; NATHANIEL INMON, arresting officer in his official and individual capacity<br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No.: 4:26-cv-04110 |

HENDERSON'S AND INMON'S, IN THEIR INDIVIDUAL CAPACITIES, MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

TO THE HONORABLE NICHOLAS J. GANJEI:

**TABLE OF CONTENTS**


TABLE OF AUTHORITIES .......... 3

NATURE AND STAGE OF THE PROCEEDINGS .......... 6

FACTS .......... 6

Facts alleged in the First Amended Complaint: .......... 6

ISSUES PRESENTED .......... 8

STANDARD OF REVIEW .......... 8

12(b)(6) Standard of review generally: .......... 8

The qualified immunity standard: .......... 9

SUMMARY ........ 11

ARGUMENT ........ 11

*Issue 1: Caldarera fails to state a plausible claim because all of his claims are time-barred.* ........ 11

All of Caldarera's claims are time-barred by the two-year statute of limitations: ........ 11

The continuing violations tolling provision does not apply Caldarera's claim against Henderson: ........ 12

*Issue 2: Caldarera's Fourth Amendment claim fails because Inmon is entitled to qualified immunity, and Caldarera alleges sufficient facts for a reasonable officer to believe there was probable cause to arrest him for assault.* ........ 13

Caldarera's claim fails because he alleges sufficient facts to support probable cause: ........ 13

Deputy Inmon is entitled to Qualified Immunity: ........ 15

*Issue 3: Caldarera fails to state a cognizable First Amendment retaliation claim because there was probable cause to arrest him, his pleadings are conclusory recitations of legal standards not entitled to be accepted as true, and Deputy Inmon is entitled to qualified immunity.* ........ 15

Caldarera fails to allege sufficient facts to support a plausible claim: ........ 15

Deputy Inmon is entitled to Qualified Immunity: ........ 16

*Issue 4: Caldarera's Equal Protection claims fail because his mere recitation of legal standards and nonsensical causal conclusions are not entitled to be accepted as true, and Henderson and Deputy Inmon are entitled to qualified immunity.* ........ 17

Caldarera failed to allege sufficient facts to support a plausible claim against Inmon: ........ 17

Caldarera failed to allege sufficient facts to support a plausible claim against Henderson: ........ 17

Deputy Inmon and Henderson are entitled to Qualified Immunity: ........ 18

*Issue 5: Caldarera did not plead a plausible 14th Amendment Procedural Due Process claim.* ........ 19

Caldarera did not allege a plausible stigma-plus claim against Inmon: .................... 19

Caldarera did not plead a plausible condition-of-confinement claim against Inmon: 20

Caldarera did not plead a plausible condition-of-confinement claim against Henderson: ................................................................................................................ 20

Caldarera did not plead a plausible fabrication of evidence claim against Inmon: .... 21

Deputy Inmon and Henderson are entitled to Qualified Immunity: .......................... 21

*Issue 6: Caldarera's state-law tort claim is barred by immunity* .............................. 22

*Issue 7: Caldarera's conspiracy claim fails.* ......................................................... 23

CONCLUSION ........................................................................................................ 23

PRAYER ................................................................................................................. 24

CERTIFICATE OF CONFERENCE ......................................................................... 24

CERTIFICATE OF COMPLIANCE .......................................................................... 24

CERTIFICATE OF SERVICE .................................................................................. 25

## TABLE OF AUTHORITIES

**Cases**

*Alexander v. Walker,* 435 S.W.3d 789 (Tex. 2014) ....................................................... 21

*Anderson v. Bessman,* 365 S.W.3d 119 (Tex.App.—Houston[1st Dist.], 2011, no pet.) .. 21

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) ...................... 8

*Baily v. City of Jasper, Tex.,* No. 1:12-cv-153, 2012 WL 4969126 (E.D. Tex. Sept. 24, 2012), report and recommendation adopted, No. 1:12.cv.153, 2012 WL 4970809 (E.D. Tex. Oct. 17, 2012) (not published) ................................................................ 17

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) 8

*Bey v. Prator*, 53 F.4th 854 (5th Cir.2022) .................................................................. 9

*Blackburn v. City of Marshall,* 42 F.3d 925 (5th Cir.1995) ........................................... 18

*Brown v. Glossip*, 878 F.2d 871 (5th Cir.1989) .......... 8

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir.1996) .......... 8

*Colson v. Grohman,* 174 F.3d 498 (5th Cir.1999).......... 15

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) .......... 19

*Dist. of Columbia v. Wesby,* 583 U.S. 48, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018) .......... 13

*Fernandez-Montes v. Allied Pilots Ass'n*., 987 F.2d 278 (5th Cir.1993) .......... 8

*First Gen. Realty Corp. v. Md. Cas. Co.,* 981 S.W.2d 495 (Tex.App.-Austin 1998, pet. denied).......... 11

*Franka v. Velasquez,* 332 S.W.3d 367 (Tex. 2011) .......... 21

*Frias v. Hernandez,* 142 F.4th 803 (5th Cir.2025).......... 21, 22

*Hartman v. Moore,* 547 U.S. 250, 126 S.Ct. 1695, 164 L.Ed. 2d 441 (2006) .......... 15

*Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983).......... 13

*Izen v. Catalina,* 398 F.3d 363 (5th Cir.2005).......... 15

*Jackson v. City of Beaumont Police Depart*., 958 F.2d 616 (5th Cir.1992).......... 8

*Johnson v. Bowe,* 856 Fed.Appx. 487 (5th Cir.2021) .......... 15

*Loftin v. City of Prentiss, Miss.,* 33 F.4th 774 (5th Cir.2022) .......... 13

*Martinez v. Hardy*, 864 S.W.2d 767 (Tex.App.—Houston[14th], 1993, no writ) .......... 22

*Nieves v. Bartlett,* 587 U.S. 391, 129 S.Ct. 1715, 204 L.Ed.2d 1 (2019).......... 14

*Oliver v. Collins,* 914 F.2d 56 (5th Cir.1990) .......... 17

*Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1976).......... 18

*Perry v. Mendoza*, 83 F.4th 313 (5th Cir.2023) .......... 9

*Piotrowski v. City of Houston,* 51 F.3d 512 (5th Cir. 1995) .......... 12

*Pratt v. Harris Cnty., Tex*., 822 F.3d 174 (5th Cir.2016).......... 9

*Rodriguez v. Holmes,* 963 F.2d 799 (5th Cir. 1992) .......... 12

*Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996) ........ 8

*Rushing v. Yazoo Cnty. by & through Bd. of Supervisors of Yazoo Cnty.*, 861 F. App'x 544 (5th Cir.2021) (not published)........ 12

*Russell v. Bd. of Trs.*, 968 F.2d 489 (5th Cir. 1992)........ 12

*Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ........ 18

*Tectonic Realty Inv. Co. v. CNA Lloyd's of Tex. Ins. Co.,* 812 S.W.2d 647 (Tex. App.-Dallas 1991, writ denied) ........ 11

*Terrell v. Allgrunn*, 114 F.4th 428 (5th Cir.2024)........ 9, 14

*Texas v. Thompson,* 70 F.3d 390 (5th Cir.1995) ........ 18

*Twyman v. Twyman,* 855 S.W.2d 619 (Tex. 1993) ........ 11

*U.S. v. Ibarra,* 493 F.3d 526 (5th Cir.2007) ........ 13

*United States v. Carrillo-Morales,* 27 F.3d 1054 (5th Cir.1994)........ 13

*United States v. Nunez-Sanchez,* 478 F.3d 663 (5th Cir. 2007) ........ 13

*Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007)........ 12

*Winfrey v. Rogers,* 901 F.3d 483 (5th Cir.2018) ........ 10

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 101.106 ........ 22

TEX. CIV. PRAC. & REM. CODE. § 16.003(a) ........ 11

**Rules**

FED. R. CIV. P. 12(B)(6) ........ 6, 8

FED. R. CIV. P. 8(a)(2) ........ 9

## NATURE AND STAGE OF THE PROCEEDINGS

Caldarera filed this suit on May 22, 2026. Doc. 1. This is Henderson and Inmon's, both in their individual capacities, Motion to Dismiss for failure to state a claim upon which relief can be granted and it is filed in *lieu* of an answer.

## FACTS

Facts alleged in the First Amended Complaint:

1. Caldarera was arrested for assaulting his brother and mother. *Doc. 6 at pg. 2.* He denied both allegations, and alleges that he was the actual victim. *Id., see also Doc. 6 at pgs. 13-14.* During the altercation, Caldarera admits he threw objects at his brother and struck his mother with "a bundle of thorns". *Doc. 6 at 14 ¶ 39.*
2. Officers Williams and Inmon arrested Caldarera, even though he claimed he acted in self-defense and does not believe there was visible evidence supporting his brother's claim that Caldarera punched him twice in the face. *Doc. 6 at pg. 15 ¶ 43.*
3. Caldarera alleges that the physical evidence did not support a charge for injuring his mother with the "bundle of thorns" even though he admits that he hit her with it. *Doc. 6 at pg. 15 ¶ 45.*
4. Caldarera told the arresting officers that he did not commit the crimes. *Doc. 6 at pg. 6 ¶ 18.*
5. Caldarera was charged with family violence on February 3, 2021, in Cause No. 21-355-441 in Montgomery County Court at Law No. 5. *Doc. 6 at pg. 4 ¶ 13.*

6. The charge alleging violence against Christian (his brother) was dismissed on May 23, 2022. *Doc. 6 at pg. 4 ¶ 13.*

7. Caldarera's charge for injury to the elderly, "Cause No. 21-02-0184-CR in the 359th District Court of Montgomery County" was reduced to "Assault Causing Bodily Injury" by plea agreement on May 23, 2022. *Doc. 6 at pg. 5 ¶ 15.* The charge was ultimately dismissed after Caldarera completed the terms of his deferred adjudication on November 28, 2023. *Id.*

8. Caldarera was also charged with violation of a protective order, and that charge was also dismissed on May 23, 2022. *Doc. 6 at pg. 4 ¶ 13.*

9. Caldarera was arrested a second time for admittedly violating a Family Violence Protective Order which was a condition of his bond. *Doc. 6 at pgs. 17-18.* Caldarera appears to cite this arrest as a damage resulting from his first arrest, rather than a false arrest. *Doc. 6 at pg. 27 ¶ 87.*

10. Caldarera was represented by counsel in his criminal proceedings. *Doc. 6 at pg. 5 ¶ 16, pg. 20 ¶ 59, pg. 21 ¶ 63, pg. 21 ¶ 66.*

11. While acting Sheriff or during his campaign, Henderson indicated that he did not believe a Sheriff was required to enforce unconstitutional laws. See *Doc. 6 at pgs. 8-10.*

12. During his 105 days of detention, Caldarera was not provided his asthma or HIV medications. Doc. 6 at pg. 18 ¶ 56.

13. Caldarera did not have shoes when he was released from jail on February 5, 2021, or after his 105 days of detention. *Doc. 6 at pg. 17 ¶¶ 49-50, pg. 19 ¶ 57.*

14. On May 23, 2024, Henderson signed a letter declining to bring official oppression charges against Deputies Williams and Inmon. *Doc. 6 at pg. 26 ¶¶ 81-82*.

## ISSUES PRESENTED

**Issue 1:** Whether Caldarera's claims are time-barred.

**Issue 2:** Whether Caldarera alleges a valid false arrest claim considering he admits to striking his brother and mother and contests that the officer did not believe his self-defense theory.

**Issue 3:** Whether Caldarera alleges a valid First Amendment Retaliation claim considering there was probable cause to arrest him, and his pleadings are conclusory recitations of legal standards not entitled to be accepted as true.

**Issue 4:** Whether Caldarera alleges a valid Equal Protection claim considering his alleged causal connection is nonsensical, and his pleadings are conclusory recitations of legal standards not entitled to be accepted as true.

**Issue 5:** Whether Caldarera pleaded a plausible Procedural Due Process claim.

**Issue 6:** Whether Caldarera pleaded a plausible state-law tort claim considering the Defendants are immune from the claims.

**Issue 7:** Whether Caldarera pleaded a valid conspiracy claim.

## STANDARD OF REVIEW

12(b)(6) Standard of review generally:

A motion to dismiss for failure to state a claim should be granted when the claimants fail to demonstrate they can prove any facts which would entitle them to relief. *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir.1996). The complaint must be liberally construed in the claimants' favor and all factual allegations taken as true. *Fernandez-Montes v. Allied*

*Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir.1993). However, "[t]he court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save the complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1996). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing FED. R. CIV. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 679 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). The Court may first determine which facts are entitled to the assumption of truth, and then consider whether those facts plausibly suggest an entitlement to relief. *Iqbal,* 556 U.S. at 680. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusion." *Id.* at 678. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal citations omitted).

<u>The qualified immunity standard:</u>

Defendants Henderson and Inmon are entitled to raise immunity as a defense to Plaintiff's Section 1983 claims. *Brown v. Glossip*, 878 F.2d 871, 873-74 (5th Cir.1989) and *Jackson v. City of Beaumont Police Depart.*, 958 F.2d 616, 620 (5th Cir.1992). When qualified immunity is raised, "a plaintiff seeking to recover damages on an action under § 1983 for a false arrest must prove not only that probable cause did not exist but also that

the officers were objectively unreasonable in believing there was probable cause for the arrest." *Bey v. Prator*, 53 F.4th 854, 858 (5th Cir.2022). Further, "even those officers who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Id*. Plaintiffs must demonstrate that each Defendant, individually, violated his clearly established statutory or constitutional rights. *Pratt v. Harris Cnty., Tex*., 822 F.3d 174, 181 (5th Cir.2016).

The concept of a clearly established right is central to qualified immunity. Plaintiffs must establish, by considering each Defendants' actions separately, whether a Defendant is shielded by qualified immunity. *Id*. For qualified immunity to be defeated, the constitutional right at issue must be clearly established at the time of arrest. To be clearly established, there must be existing precedent which must place the constitutional question "beyond debate" in the specific context of the case. *Perry v. Mendoza*, 83 F.4th 313, 319 (5th Cir.2023). Further, when evaluating qualified immunity, the court looks for "precedent [that] squarely governs the specific facts at issue. *Id*.

The right to be free from arrest without probable cause is a clearly established right. However, the contours of this right must be sufficiently clear to give officers fair warning that their conduct violated the law. If the law is not clearly established in the specific factual context of the case, qualified immunity applies. *Terrell v. Allgrunn*, 114 F.4th 428, 436 (5th Cir.2024).

## SUMMARY

Caldarera brings a plethora of scantily pled causes of actions against numerous Montgomery County officers stemming from his February 3, 2021 arrest for family violence.

All of Caldarera's claims are time-barred by the applicable two-year statute of limitations.

In addition, even where he manages to allege actual facts, his pleadings fall well short of stating a plausible claim.

## ARGUMENT

***Issue 1:*** ***Caldarera fails to state a plausible claim because all of his claims are time-barred.***

All of Caldarera's claims are time-barred by the two-year statute of limitations:

Caldarera allegations stem from his February 3, 2021 arrest *(Doc. 6 at pg. 26 (assault of brother) and pg. 27 (assault of mother))* and subsequent arrest for violation of a protective order *(Doc. 6 at pg. 4 ¶ 13)*. All charges were dismissed on May 23, 2022. *Doc. 6 at pg. 4 ¶ 13.*

There is a two-year statute of limitations on 1983 claims and most tort claims. *Winfrey v. Rogers,* 901 F.3d 483, 492 (5th Cir.2018) and TEX. CIV. PRAC. & REM. CODE § 16.003(a). The Fourth Amendment false arrest claim, because it "more closely resembles" a malicious process claim than a false-imprisonment claim, begins to accrue when the prosecution ended in Caldarera's favor. *Winfrey,* 901 F.3d at 492-93.

Based on Caldarera's allegations, the statute of limitations for his stigma-plus and state-law tort claims expired on February 3, 2023 (two years after date of arrest).

Based on Caldarera's allegations, the statute of limitations for his initial false arrest claims, condition of confinement claim against Inmon (failure to bring shoes to jail on the night of the arrest), fabrication of evidence, and state-law tort claims expired on May 23, 2024 (two years after dismissal of criminal cases).

Caldarera was released from jail the first time on February 5, 2021, and again after his 105 days of detention for violating a protective order (likely late May, 2021). *Doc. 6 at pg. 17 ¶¶ 49-50, pg. 19 ¶ 57.* Based on Caldarera's allegations, the statute of limitations for his condition-of-confinement claims against Henderson expired in May of 2023.

Caldarera filed suit on May 22, 2026. *Doc. 1*. Caldarera's claims are time-barred as a matter of law.

<u>The continuing violations tolling provision does not apply to Caldarera's claim against Henderson:</u>

Caldarera asserts claims related to the loss of his teaching license. *Doc. 6 at pg. 36*. The licensing agency (TEA) issued an order on July 21, 2023. *Doc. 6 at pg. 37 ¶ 125.*

Caldarera asserts that his claim against Henderson is timely because Henderson refused to "correct the record" on May 23, 2024. *Doc. 6 at pg. 37 ¶ 125*. He argues that this constitutes a continuing-tort under Texas law. *Doc. 6 at pg. 37 ¶ 125*. He relies on *Twyman v. Twyman,* 855 S.W.2d 619 (Tex. 1993); *First Gen. Realty Corp. v. Md. Cas. Co.,* 981 S.W.2d 495, 501 (Tex.App.-Austin 1998, pet. denied); *Tectonic Realty Inv. Co. v. CNA Lloyd's of Tex. Ins. Co.,* 812 S.W.2d 647, 654 (Tex. App.-Dallas 1991, writ denied).

Not only do none of these cases support Caldarera's position that any potential plaintiff may revive the statute of limitations by merely asking the defendant to correct its record, his reliance on Texas case law interpretation is misplace.

> The date a § 1983 claim accrues is a question of federal law. *Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Under our precedent, a § 1983 claim accrues, and the limitations period begins to run, " 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' " *Russell v. Bd. of Trs.,* 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Rodriguez v. Holmes,* 963 F.2d 799, 803 (5th Cir. 1992)). The plaintiff "need not realize that a legal cause of action exists; [he] need only know the facts that would support a claim." *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995). We turn to consider when Rushing became aware, or should have become aware, of the facts supporting each of his § 1983 claims. See *Russell,* 968 F.2d at 493.

*Rushing v. Yazoo Cnty. by & through Bd. of Supervisors of Yazoo Cnty.,* 861 F. App'x 544, 551-52 (5th Cir.2021) (not published). The Fifth Circuit rejected the use of the continuing-violation doctrine to revive a time-barred claim based on damages that stemmed from a prior act. *Id.,* at 553. Similarly, Caldarera's damages extend from the arrest; his loss of licenses was "a delayed, but inevitable, consequence." *Id.* (citation omitted).

This suit should be dismissed because all of Caldarera's claims are time-barred.

***<u>Issue 2</u>:*** ***Caldarera's Fourth Amendment claim fails because Inmon is entitled to qualified immunity, and Caldarera alleges sufficient facts for a reasonable officer to believe there was probable cause to arrest him for assault.***

Caldarera alleges that Inmon lacked probable cause to arrest him on February 3, 2021. *Doc. 6 at pg. 26 (assault of brother) and pg. 27 (assault of mother).*

<u>Caldarera's claim fails because he alleges sufficient facts to support probable cause:</u>

Probable cause exists when the officer knows facts and circumstances which would cause an officer of reasonable caution to believe that a person has committed, is committing, or is about to commit a crime. *United States v. Carrillo-Morales,* 27 F.3d 1054, 1062 (5th Cir.1994). The facts within the officer's knowledge must establish a "fair probability" that a crime occurred, which is defined as "more than a bare suspicion" but less than a fifty percent probability. *United States v. Nunez-Sanchez,* 478 F.3d 663, 666-67 (5th Cir. 2007). Probable cause merely requires a "fair probability" that an offense had occurred. *Id.* This is a common sense analysis "the evidence…must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983) (internal citation omitted). Deputies are entitled to the "collective knowledge" of the on-scene officers. *U.S. v. Ibarra,* 493 F.3d 526, 530-31 (5th Cir.2007) (internal citations omitted).

Caldarera admits to throwing objects at his brother and sticking his mother with "a bundle of thorns". *Doc. 6 at 14 ¶ 39.* Considering his admission, his self-defense assertion "does not vitiate probable cause." See *Loftin v. City of Prentiss, Miss.,* 33 F.4th 774, 781, fn 3 (5th Cir.2022) (citing *Dist. of Columbia v. Wesby,* 583 U.S. 48, 61, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018) ("[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." ) and *Id.* at 68 ("[I]nnocent explanations—even uncontradicted ones—do not have any automatic, probable-cause-vitiating effect.") (remaining citations omitted)).

Deputy Inmon is entitled to Qualified Immunity:

Caldarera did not meet the first prong of the analysis because, as explained above, his rights were not violated. Caldarera cannot meet the second prong of the analysis because he cannot show a case clearly establishing that a Deputy taking a family violence report is required to believe a suspect's self-defense explanation.

***Issue 3*:** ***Caldarera did not state a cognizable First Amendment retaliation claim because there was probable cause to arrest him, his pleadings are conclusory recitations of legal standards not entitled to be accepted as true, and Deputy Inmon is entitled to qualified immunity.***

Caldarera alleges that Inmon retaliated against him in violation of his First Amendment Rights. *Doc. 6 at pg. 28*. The basis for his claim is that Caldarera told his brother that "you have not had sex in 20 years" before his brother and him fought. *Doc. 6 at pg. 28 ¶ 92*. Caldarera concludes that because his arrest lacked probable cause, it must have been because of his protected speech (making fun of his brother). *Doc. 6 at pg. 28 ¶ 93*.

Caldarera fails to allege sufficient facts to support a plausible claim:

The existence of probable cause, as discussed in Issue 2, is dispositive to Caldarera's claim. See *Terrell,* 114 F.4th, at 439 (quoting *Nieves v. Bartlett,* 587 U.S. 391, 405, 129 S.Ct. 1715, 204 L.Ed.2d 1 (2019) ("The presence of probable cause should generally defeat a First Amendment retaliatory arrest claim."). Caldarera does not plead the narrow exception left open by *Nieves* because he does not allege that Inmon normally does not arrest people who commit family violence.

Generally speaking, "the First Amendment prohibits not only direct limitations on

speech but also adverse government action against an individual because of her exercise of First Amendment freedoms." *Colson v. Grohman,* 174 F.3d 498, 508 (5th Cir.1999). To succeed on this claim, Plaintiffs must allege "(1) [they were] engaged in constitutionally protected activity, (2) the defendants' actions caused [them] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) the defendants' adverse actions were substantially motivated against [their] exercise of constitutionally protected conduct." *Izen v. Catalina,* 398 F.3d 363, 367 (5th Cir.2005) (internal citation omitted). The pleadings fail to demonstrate the necessary "substantially motived" factor or causal connection. See *Hartman v. Moore,* 547 U.S. 250, 259, 126 S.Ct. 1695, 164 L.Ed. 2d 441 (2006) (requiring causal connection to establish retaliatory prosecution). "To prevail on such a claim, a plaintiff must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Id.* (internal citations omitted). Caldarera's allegation of causation is nothing more than a nonsensical conclusion, and as such it is not entitled to be accepted as true.

In the Fifth Circuit, being "the victim of criticism, an investigation (or an attempt to start one), and false accusations: [are] all harms that…are not actionable under our First Amendment retaliation jurisprudence." *Johnson v. Bowe,* 856 Fed.Appx. 487, 493 (5th Cir.2021) (internal citations omitted). Caldarera's claims are also foreclosed by *Johnson*.

<u>Deputy Inmon is entitled to Qualified Immunity:</u>

Caldarera did not meet the first prong of the analysis because, as explained above, his rights were not violated. Caldarera cannot meet the second prong of the analysis

because he cannot show a case clearly establishing that a Deputy in Inmon's position would have known it was a violation of Caldarera's rights to arrest him for domestic violence just because the suspect made a comment to the suspect's brother before the police arrived.

***Issue 4*:** ***Caldarera's Equal Protection claims fail because his mere recitation of legal standards and nonsensical causal conclusions are not entitled to be accepted as true, and Henderson and Deputy Inmon are entitled to qualified immunity.***

Caldarera brings an equal protection claim against Inmon and Henderson under the 14th Amendment. *Doc. 6 at p. 29.*

Caldarera failed to allege sufficient facts to support a plausible claim against Inmon:

The police report indicated that Caldarera's brother "hates gay people" and is "homophobic". *Doc. 6 at pg. 15 ¶ 44.* Caldarera concludes that the statements by his brother somehow created a pretext for his arrest. *Doc. 6 at pg. 29 ¶¶ 97-98.* Caldarera further concludes that the pretext supports his selective enforcement claim. *Doc. 6 at pg. 30 ¶ 101.* He then recites elements of arbitrary and capricious to arrive at this ultimate conclusion of a violation of his equal protection rights. *Id.*

Caldarera's formulaic recitation of legal standards and nonsensical causal connections between his brother and the police report fails to state a cognizable claim against Deputy Inmon.

Caldarera failed to allege sufficient facts to support a plausible claim against Henderson:

Caldarera's claim against Henderson arises from Henderson's May 23, 2024 failure to bring official oppression charges against Williams and Inmon for arresting Caldarera. *Doc. 6 at pg. 26 ¶¶ 81-82 and pg. 31.*

The issue is whether Caldarera has a constitutional right to have someone else prosecuted; he does not. *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990) (a person "does not have a constitutional right to have someone criminally prosecuted.") and *Baily v. City of Jasper, Tex.,* No. 1:12-cv-153, 2012 WL 4969126, at *3 (E.D. Tex. Sept. 24, 2012), report and recommendation adopted, No. 1:12.cv.153, 2012 WL 4970809 (E.D. Tex. Oct. 17, 2012) (not published) (dismissing 1983 claims alleging failure to investigate a sexual assault). Caldarera does not allege that Henderson sought charges against other officers in similar cases related to similarly situated persons.

Caldarera's conclusory recitation of legal standards is insufficient to state a valid claim against Henderson.

<u>Deputy Inmon and Henderson are entitled to Qualified Immunity:</u>

Caldarera did not meet the first prong of the analysis because, as explained above, his rights were not violated. Caldarera cannot meet the second prong of the analysis because he cannot show a case clearly establishing that a Deputy in Inmon's position would have known it was a violation of Caldarera's rights to arrest him for domestic violence just because the suspect made a comment to the suspect's brother before the police arrived. Caldarera cannot show that a Sheriff in Henderson's position would have known it was a violation of Caldarera's rights not to launch a frivolous investigation into his deputies just because Caldarera requested it.

***Issue 5:*** ***Caldarera did not plead a plausible 14th Amendment Procedural Due Process claim.***

Caldarera did not allege a plausible stigma-plus claim against Inmon:

Caldarera alleges that the police report led to loss of his teaching license or damage to his reputation, thus supporting a stigma-plus claim. *Doc. 6 at pg. 36.*

The Supreme Court recognized that stigma caused by defamation alone is not actionable under the Fourteenth Amendment. *Paul v. Davis,* 424 U.S. 693, 709, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1976). The Supreme Court reiterated that damage to reputation alone is insufficient. *Id.,* at 711-712.

"To satisfy the stigma prong of this test, 'the plaintiff must prove that the stigma was caused by a false communication.' Moreover, we have found sufficient stigma only where a state actor has made concrete, false assertions of wrongdoing on the part of the plaintiff." *Blackburn v. City of Marshall,* 42 F.3d 925, 936 (5th Cir.1995) (internal citations and emphasis omitted).

"Allegations of damage to one's reputation or the impairment of future employment prospects fail to state a claim of denial of a constitutional right." *Texas v. Thompson,* 70 F.3d 390, 392 (5th Cir.1995) (citing *Siegert v. Gilley,* 500 U.S. 226, 233-34, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). "However, damage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983." *Thompson,* 70 F.3d at 392 (citing *Paul,* 424 U.S. at 710–12).

Caldarera does not plausibly allege that Deputy Inmon made any false or defamatory statements, rather he alleges that Inmon believed the victims of Caldarera's assault and did not believe Caldarera's self-defense claim.

<u>Caldarera did not plead a plausible condition-of-confinement claim against Inmon:</u>

Caldarera alleges that Inmon violated his rights by not bringing Caldarera's shoes to jail. *Doc. 6 at pg. 39* ¶ *129*. Caldarera alleges he was injured, after release, by walking to a homeless shelter. *Doc. 6 at pg. 39* ¶ *129, pg. 19* ¶ *57.*

The duty to protect a pretrial detainee is based in the detainee's inability to protect himself while in custody. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 198-99, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The 14th Amendment is a limitation on the state's action. *Id.* at 195. It does not provide an affirmative obligation unless a "special relationship," such as when a person is in custody, exits. *Id.* at 195, 197, 198-199. The obligation arises from the restraint on the individual's "freedom to act on his own behalf", not from the "State's knowledge of the individual's predicament." *Id.* at 200 (internal citations omitted). The "special relationship" ceased to exist when Caldarera was released from custody.

Caldarera's claim is without merit because his allegation arises from his walk to the homeless shelter after release.

<u>Caldarera did not plead a plausible condition-of-confinement claim against Henderson:</u>

Caldarera alleges Henderson violated his rights by not providing asthma and HIV medications during his 105 day detention. *Doc. 6 at pgs. 38-39*. Caldarera's claim fails

because he does not allege that Henderson was personally involved in any way with his medical treatment.

Caldarera did not plead a plausible fabrication of evidence claim against Inmon:

Caldarera alleges that Inmon fabricated evidence and used it to frame him because Inmon did not believe Caldarera's version of events over that of his brother's and mother's. *Doc. 6 at pg. 40 ¶ 133*. Caldarera alleges "…Inmon's report characterized Plaintiff as the aggressor notwithstanding: [Caldarera's version of events and injuries]." *Id*. First, a differing characterization of events in a police report is not fabrication. Second, Inmon was not required to believe Caldarera's version of events; especially considering he admitted to throwing objects at his brother and sticking his mother with "a bundle of thorns". *Doc. 6 at 14 ¶ 39*. *Wesby,* 583 U.S., at 61 ("[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." ) and *Id.* at 68 ("[I]nnocent explanations—even uncontradicted ones—do not have any automatic, probable-cause-vitiating effect.") (remaining citations omitted)).

The remainder of Caldarera's allegations, which appear to be aimed at a pattern and practice claim, are mere conclusory recitations of legal standards and as such are not entitled to be accepted as true. *Doc. 6 at pg. 41 ¶¶ 134-35*.

Deputy Inmon and Henderson are entitled to Qualified Immunity:

Caldarera did not meet the first prong of the analysis because, as explained above, his rights were not violated. Caldarera cannot meet the second prong of the analysis because he cannot show a case clearly establishing that a Deputy in Inmon's position would

have known it was a violation of Caldarera's rights to take statements of the victims of assault, even though those statements contradicted Caldarera's narrative, or to take Caldarera to jail without shoes. He also cannot demonstrate that Henderson violated any clearly established law.

***Issue 6*:** **Caldarera's state-law tort claim is barred by immunity.**

Caldarera alleges the state-law tort of Intentional Infliction of Emotional Distress against Henderson and Inmon. *Doc. 6 at pg 42*.

The election of remedies doctrine requires dismissal of individual officials if they can show that (1) their conduct was within the scope of their duties with the County, and (2) the suit could have been brought against the County. TEX. CIV. PRAC. & REM. CODE § 101.106, *Anderson v. Bessman,* 365 S.W.3d 119, 124 (Tex.App.—Houston[1st Dist.], 2011, no pet.) (citing *Franka v. Velasquez,* 332 S.W.3d 367, 369 (Tex. 2011)).

As to the first prong, whether the defendant was acting within the scope of his duties, the Complaint clearly alleges he was. The entire suit is based on the Officers' investigating crimes and bringing criminal charges. See *doc. 6.*

As to the second prong, because the suit is brought for actions Deputy Inmon and Henderson took in the course and scope of their duties, the case could have been brought against Montgomery County. *Alexander v. Walker,* 435 S.W.3d 789, 792 (Tex. 2014) see also, *Frias v. Hernandez,* 142 F.4th 803, 807-9 (5th Cir.2025) (citing *Franka,* 332 S.W.3d at 381). The County's immunity from such a claim does not mean that the Plaintiff could not sue the County. *Franka,* 332 S.W.3d at 385 and *Alexander,* 435 S.W.3d at 792. This

is true "even though, at times, it may result in individual citizens suffering pecuniary loss as a result of oppressive or malicious actions by government officials." *Martinez v. Hardy*, 864 S.W.2d 767, 773 (Tex.App.—Houston[14th], 1993, no writ) (internal citations omitted).

The Fifth Circuit recently confronted this very issue, and held an officer is immune from suit under Texas law for false statements made in a police report. *Frias,* 142 F.4th 803 . The Fifth Circuit held that the officer was immune from the state-law claims even if misused his power, and falsified reports. *Id.,* at 809. The Court also made clear that the officer's motives were irrelevant. *Id.*

Caldarera's attempt to sue the Officers in their individual capacities for state torts is barred by the "election of remedies doctrine" and should be dismissed.

***<u>Issue 7</u>: Caldarera's conspiracy claim fails.***

Caldarera alleges Henderson engaged in conspiracy. *Doc. 6 at pg. 44*.

Caldarera concludes that Henderson's belief that he was not required to enforce unconstitutional laws amounts to a conspiracy to arrest Caldarera for domestic violence. See *Doc. 6 at pg. 46 ¶ 150*. Caldarera's argument lacks any particular facts or allegations plausibly asserting an underlying violation of his rights, or a causal connection between Henderson's alleged beliefs and Caldarera's arrest for domestic violence.

## CONCLUSION

Because Caldarera's allegations, even if true, do not state a valid constitutional or state-law claim, this case should be dismissed in its entirety.

## PRAYER

The Defendants pray this Court dismiss this case for failure to state a claim upon which relief can be granted. The Defendants pray for all other relief to which they may be entitled.

Respectfully submitted,

BY: s/ Daniel Plake

Daniel Plake
Assistant County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone: (936) 539-7828
Facsimile: (936) 538-8079
ATTORNEY FOR
DEFENDANTS INMON AND
HENDERSON IN THEIR
INDIVIDUAL CAPACITIES

## CERTIFICATE OF CONFERENCE

I called Mr. Caldarera on 9/11/2026 at 11:40 am to discuss this motion. I left my name and reason for the call. Mr. Caldarera did not accept the call. I sent Mr. Caldarera an email seeking conference immediately after he did not accept my call. Mr. Caldarera has not responded to my email.

s/ Daniel Plake

## CERTIFICATE OF COMPLIANCE

Per the Court's Procedure 16c, this document complies with the Court's 5,000 word limited because it contains 4,789 words excluding caption, table of contents, table of authorities, signature block, and certificates.

s/ Daniel Plake

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2026 a true and correct copy of the foregoing instrument was forwarded via electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following:

Joseph Aaron Caldarera
10680 Westbrae Pkwy P 301
Houston, TX
Lt.caldarera@gmail.com
*Pro se plaintiff*

s/ Daniel Plake______________