**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH AARON CALDARERA,<br>Plaintiff, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. 4:26-cv-04110 |
| | § | |
| CONSTITUTIONAL SHERIFFS AND<br>PEACE OFFICERS ASSOCIATION, INC., et al.,<br>Defendants. | §<br>§<br>§<br>§ | |

## DEFENDANTS CONSTITUTIONAL SHERIFFS AND PEACE OFFICERS ASSOCIATION, INC. AND RICHARD MACK'S MOTION TO DISMISS UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(2) AND 12(b)(6)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Constitutional Sheriffs and Peace Officers Association, Inc. ("CSPOA")[1] and Richard Mack (together, the "CSPOA Defendants") move to dismiss all claims against them in Plaintiff Joseph Aaron Caldarera's First Amended Complaint (Dkt. 6) ("Complaint" or "Compl.") for lack of personal jurisdiction under Rule 12(b)(2) and for failure to state a claim under Rule 12(b)(6).[2] They respectfully show as follows:

---

[1]The First Amended Complaint names this Defendant as "Constitutional Sheriff's Peace Officer's Association, Inc." Its correct name is Constitutional Sheriffs and Peace Officers Association, Inc.

[2]The CSPOA Defendants appear for the limited purpose of this motion. By joining their Rule 12(b)(2) and 12(b)(6) defenses in a single motion as Rule 12(g) requires, they do not waive their objection to personal jurisdiction. Fed. R. Civ. P. 12(b), (h)(1).

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff, proceeding pro se, filed this suit on May 22, 2026, and filed the operative First Amended Complaint on August 20, 2026. Compl. ¶ 103; Dkt. 6. The Complaint pleads seven counts arising from Plaintiff's February 2021 arrests by Montgomery County Sheriff's Office ("MCSO") deputies. Only Count VII, a conspiracy claim under 42 U.S.C. § 1985(3), names the CSPOA Defendants. Compl. ¶ 144. The CSPOA Defendants were served on October 16, 2026. This is their first response to the Complaint. No scheduling order has been entered.

## II. STATEMENT OF THE ISSUES

1. Whether the Court lacks personal jurisdiction over CSPOA, an Arizona nonprofit, and Mr. Mack, an Arizona resident, where Plaintiff's claim does not arise out of or relate to any Texas contact of either Defendant.

2. Whether Count VII fails to state a claim under § 1985(3) because (a) Plaintiff alleges no race-based animus, (b) Plaintiff pleads no facts showing an agreement involving the CSPOA Defendants, (c) the claim is time-barred on the face of the Complaint, and (d) the only conduct attributed to the CSPOA Defendants is speech and political association protected by the First Amendment.

3. Whether dismissal should be with prejudice because amendment would be futile.

4. Whether the CSPOA Defendants are entitled to their reasonable attorney's fees under 42 U.S.C. § 1988(b) because Count VII was frivolous, unreasonable, and without foundation as to them.

The standard of review for each issue is stated in Part IV.

## III. SUMMARY OF THE ARGUMENT

Plaintiff alleges that MCSO deputies wrongly arrested him on February 3, 2021, after a fight with his brother. He then joins an Arizona nonprofit and its founder as alleged co-conspirators of former Sheriff Rand Henderson. The only facts he pleads against them are a 2016 campaign endorsement, Henderson's description of Mr. Mack as a friend, and a training seminar in The Woodlands that Plaintiff admits took place on February 26 and 27, 2021, "after the events giving rise to Plaintiff's arrest." Compl. ¶ 148.

That is not enough to haul Arizona defendants into a Texas court, and it is not enough to state a claim. Plaintiff's claim does not arise out of or relate to anything the CSPOA Defendants did in Texas. Count VII also fails on the merits for four independent reasons. In the Fifth Circuit, § 1985(3) reaches only conspiracies motivated by racial animus, and Plaintiff alleges none. Plaintiff pleads no agreement, only a friendship, an endorsement, and a seminar held weeks after the arrest. Every act attributed to the CSPOA Defendants occurred more than five years before Plaintiff sued. And endorsing a candidate and speaking at a public seminar are

protected by the First Amendment. Because no amendment can change these dates or supply a racial motive, the Court should dismiss the claims against the CSPOA Defendants with prejudice. And because Count VII was frivolous as to the CSPOA Defendants from the day it was filed, the Court should award them their reasonable attorney's fees under 42 U.S.C. § 1988(b).

## IV. THE ALLEGATIONS AGAINST THE CSPOA DEFENDANTS

CSPOA is a nonprofit corporation organized under Arizona law. Compl. ¶ 11. Mr. Mack is its founder and chairman, is sued in his individual capacity, and is alleged to be served in Arizona. *Id.* ¶ 12. Plaintiff alleges the following, which the CSPOA Defendants accept as true for purposes of this motion only.[3]

**The arrests.** On February 3, 2021, MCSO deputies arrested Plaintiff, not his brother, after a domestic altercation. *Id.* ¶¶ 37-45. On February 5, 2021, MCSO arrested him a second time for violating a protective order. *Id.* ¶¶ 51-53. Plaintiff alleges that the deputies acted because of his sexual orientation, pointing to a deputy's report noting that his brother "hates gay people." *Id.* ¶¶ 44, 97-98. One charge was dismissed in May 2022, and another was resolved by deferred adjudication that ended in November 2023. *Id.* ¶¶ 13-15. In July 2023, the State Board for Educator Certification entered a default judgment against Plaintiff's

[3]Because Plaintiff proceeds pro se, the CSPOA Defendants have read his pleading liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Liberal construction does not, however, supply facts that are not pleaded or excuse the failure to plead an essential element.

teaching certificate. *Id.* ¶ 79. On May 23, 2024, Plaintiff received a letter from MCSO stating that no further action would be taken on his internal complaint against the deputies. *Id.* ¶ 82.

**The CSPOA Defendants.** Plaintiff connects the CSPOA Defendants to these events through three facts. First, in a 2016 candidate questionnaire, then-candidate Henderson said that Mr. Mack endorsed his campaign and was his friend. *Id.* ¶¶ 29, 148. Second, CSPOA held a two-day training event in The Woodlands on February 26 and 27, 2021, at which Mr. Mack and Henderson both spoke. *Id.* ¶¶ 25, 148. Plaintiff concedes that this event occurred "after the events giving rise to Plaintiff's arrest." *Id.* ¶ 148. Third, Plaintiff attributes to Mr. Mack a series of statements at that event about the role of county sheriffs. *Id.* ¶ 32. The source Plaintiff cites for those statements, a May 2023 memorandum of the Texas Commission on Law Enforcement ("TCOLE") attached as Exhibit A, attributes them to "[t]he CSPOA events" generally, not to Mr. Mack, and concludes that the material "is best categorized as political discourse." Compl. Ex. A at 2-3 (Dkt. 6 at 54-55).

Plaintiff does not allege that either CSPOA Defendant knew of him, communicated with anyone about him, or had any role in his arrests, his prosecution, the educator-certification proceeding, or the 2024 letter. He acknowledges uncertainty "whether animus based on sexual orientation satisfies the class-based, invidiously discriminatory animus requirement of § 1985(3)." *Id.* ¶ 151.

# V. ARGUMENT

## A. The Court lacks personal jurisdiction over the CSPOA Defendants.

### 1. Plaintiff bears the burden of a prima facie showing.

The plaintiff bears the burden of establishing personal jurisdiction over each nonresident defendant. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Without an evidentiary hearing, the plaintiff must make a prima facie showing. The Court accepts uncontroverted, nonconclusory factual allegations, but it need not credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Because the Texas long-arm statute extends to the limits of due process, the only question is whether exercising jurisdiction comports with the Fourteenth Amendment. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). That requires minimum contacts arising from the defendant's purposeful conduct directed at Texas, and it must be consistent with traditional notions of fair play and substantial justice. *Sangha v. Navig8 ShipManagement Private Ltd.*, 882 F.3d 96, 101 (5th Cir. 2018).

### 2. Neither CSPOA Defendant is subject to general jurisdiction in Texas.

General jurisdiction exists only where a defendant is "essentially at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 924 (2011). For a corporation, the paradigm forums are its place of incorporation and its principal place of business. *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413 (2017). For an

individual, it is his domicile. *Goodyear*, 564 U.S. at 924. CSPOA is an Arizona nonprofit corporation, and Mr. Mack lives in Arizona. Compl. ¶¶ 11-12. Neither is at home in Texas, and Plaintiff does not allege otherwise.

**3. Plaintiff's claim does not arise out of or relate to the CSPOA Defendants' Texas contacts.**

Specific jurisdiction is claim-specific. It requires that the defendant purposefully directed activities at the forum and that the plaintiff's claim arise out of or result from those forum-related contacts. *Def. Distributed v. Grewal*, 971 F.3d 485, 490 (5th Cir. 2020). There must be "an affiliation between the forum and the underlying controversy," and when no such connection exists, specific jurisdiction is lacking "regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262, 264 (2017). The "relate to" standard "does not mean anything goes" and "incorporates real limits." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021).

Plaintiff's claim arises from his February 3 and 5, 2021 arrests. The only Texas contacts he attributes to the CSPOA Defendants are a 2016 endorsement of a Texas sheriff and appearances at training seminars in Texas, including the February 26-27, 2021, event in The Woodlands. Compl. ¶¶ 25, 27, 29, 148. None of these contacts gave rise to the claim. Plaintiff alleges no facts connecting a five-year-old campaign endorsement to his arrest. And a seminar held three weeks after the arrests could not

have caused them. Plaintiff admits as much. *Id.* ¶ 148. The other seminars he mentions took place in July 2021 in other counties, months after his arrests. *Id.* ¶ 27.

Nor can Plaintiff borrow the in-state conduct of the MCSO deputies or Henderson. The minimum-contacts inquiry "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there," and a plaintiff or third party cannot be the only link between the defendant and the forum. *Walden v. Fiore*, 571 U.S. 277, 285 (2014). The Fifth Circuit has accordingly refused to rest jurisdiction over nonresidents on conclusory allegations of conspiracy with forum residents. *See Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 631-32 (5th Cir. 1999). Plaintiff's conclusory assertion that the CSPOA Defendants conspired with Henderson does not establish that either of them purposefully directed suit-related conduct at Texas. *Panda Brandywine*, 253 F.3d at 869. The Court should dismiss the claims against the CSPOA Defendants under Rule 12(b)(2).

## B. Count VII fails to state a claim under § 1985(3).

### 1. The Rule 12(b)(6) standard.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Labels, conclusions, and a formulaic recitation of the elements do not suffice, and the Court does not accept legal conclusions couched as factual allegations. *Iqbal*,

556 U.S. at 678; *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287-88 (5th Cir. 2015). Exhibits attached to the complaint are part of the pleading for all purposes. Fed. R. Civ. P. 10(c). When an allegation is contradicted by the contents of an attached exhibit, the exhibit controls. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

**2. Plaintiff does not allege the racial animus that § 1985(3) requires in this Circuit.**

A § 1985(3) plaintiff must allege a conspiracy motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268 (1993) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)). The Fifth Circuit has resolved the open question in that formulation: "the only conspiracies actionable under section 1985(3) are those motivated by racial animus." *Cantu v. Moody*, 933 F.3d 414, 419 (5th Cir. 2019); *see also Horaist v. Doctor's Hosp. of Opelousas*, 255 F.3d 261, 270 (5th Cir. 2001).

Plaintiff does not allege that anyone, let alone the CSPOA Defendants, acted because of his race. The only animus he alleges is based on sexual orientation, and the only person he says harbored it is his brother, a private party who is not a defendant. Compl. ¶¶ 44, 97-98. Plaintiff concedes that whether sexual-orientation animus can support a § 1985(3) claim is unsettled. *Id.* ¶ 151. In this Circuit it is settled, and the answer is no. Count VII fails for this reason alone.

### 3. Plaintiff pleads no facts showing an agreement involving the CSPOA Defendants.

A § 1985 conspiracy claim requires facts showing an agreement, an act in furtherance of it, and a resulting deprivation. *Shaw v. Villanueva*, 918 F.3d 414, 418 (5th Cir. 2019). Conclusory allegations of conspiracy, unsupported by specific facts, do not state a claim. *Id.*; *see also Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004). Allegations of parallel conduct or association that are merely consistent with an agreement do not cross the line from possible to plausible. *Twombly*, 550 U.S. at 556-57.

Plaintiff's agreement theory rests on two "data points, five years apart." Compl. ¶ 149. Neither shows an agreement to do anything to Plaintiff. A 2016 endorsement and a friendship show political support and personal association, not a meeting of the minds to arrest a man the CSPOA Defendants are not alleged to have known existed. The February 26-27, 2021, seminar is worse for Plaintiff, because by his own account it occurred after the arrest it supposedly produced. *Id.* ¶ 148. An agreement formed, or "matured," weeks after the act it was meant to accomplish cannot be the cause of that act. Plaintiff alleges no communication about him, no instruction to the deputies, and no conduct by either CSPOA Defendant in any of the acts he lists as being "in furtherance" of the conspiracy. *Id.* ¶ 150. Each of those acts was taken by Henderson or MCSO personnel.

The Complaint's own exhibit undercuts the rest. Plaintiff alleges that TCOLE identified certain statements "attributed to Defendant Mack" at the Woodlands event. *Id.* ¶ 32. The TCOLE memorandum attributes those statements to "[t]he CSPOA events" collectively and does not attribute them to Mr. Mack. Compl. Ex. A at 2-3. Because the exhibit and the allegation conflict, the exhibit controls. *Riley*, 355 F.3d at 377. In any event, none of the statements mentions Plaintiff, sexual orientation, or arresting anyone. The statement on which Plaintiff's "subterfuge" theory depends is attributed to Henderson, not to either CSPOA Defendant. Compl. ¶ 35.

**4. Count VII is time-barred on the face of the Complaint.**

Dismissal under Rule 12(b)(6) is appropriate when it is evident from the pleadings that a claim is time-barred. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Civil rights claims in Texas borrow the State's two-year personal-injury limitations period. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001); Tex. Civ. Prac. & Rem. Code § 16.003(a). Federal law governs accrual: a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Piotrowski*, 237 F.3d at 576. In a civil rights conspiracy, the period runs separately from each overt act that causes injury, and a later act does not revive claims based on earlier ones. *Helton v. Clements*, 832 F.2d 332, 334-35 (5th Cir. 1987).

Plaintiff filed suit on May 22, 2026. Compl. ¶ 103. Anything that injured him before May 22, 2024 is time-barred. Every act Plaintiff attributes to the CSPOA Defendants, the 2016 endorsement and the February 2021 seminar, occurred more than five years before he sued. The injuries he claims from the conspiracy, his February 2021 arrests and the July 2023 certification judgment, likewise accrued long before May 22, 2024. Compl. ¶¶ 37-53, 79.

The only event within the limitations period is the May 23, 2024, letter declining further action against the deputies. *Id.* ¶¶ 82, 150. That letter cannot save Count VII. It was Henderson's act, not the CSPOA Defendants'. And it caused no legally cognizable injury, because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Plaintiff's reliance on the Texas continuing-tort doctrine, Compl. ¶¶ 125, 142, does not change the result, because federal law, not state law, determines when a federal civil rights claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Count VII is time-barred as to the CSPOA Defendants.

**5. The conduct attributed to the CSPOA Defendants is protected by the First Amendment.**

The only conduct Plaintiff attributes to the CSPOA Defendants is endorsing a political candidate and speaking at a public seminar about the role of county sheriffs. That is core political speech and association. The First Amendment protects

nonviolent speech, assembly, and association aimed at bringing about political change, and such expression does not lose its protection because people engage in it together. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 907-08 (1982). Liability cannot be imposed merely for association with a group, or with a person, absent facts showing that the defendant specifically intended to further unlawful aims. *Id.* at 920. Plaintiff pleads no such facts. TCOLE itself characterized the seminar content as "political discourse." Compl. Ex. A at 1-2. The First Amendment forbids converting that discourse into conspiracy liability.

**C. Dismissal should be with prejudice.**

Although pro se plaintiffs ordinarily receive an opportunity to amend, dismissal with prejudice is appropriate when the plaintiff has pleaded his best case or amendment would be futile. *Jones v. Greninger*, 188 F.3d 322, 326-27 (5th Cir. 1999). Plaintiff has already amended once. Compl. ¶ 103; Dkt. 6. His own allegations fix the dates that defeat his claim: a 2016 endorsement, a February 2021 seminar held after his arrests, and a suit filed in May 2026. No amendment can move those dates, and no amendment can convert alleged sexual-orientation animus into the racial animus the Fifth Circuit requires. Further amendment would be futile.

**D. The CSPOA Defendants are entitled to attorney's fees under 42 U.S.C. § 1988(b).**

In an action to enforce 42 U.S.C. § 1985, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42

U.S.C. § 1988(b). A prevailing defendant may recover fees when the plaintiff's claim was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or when the plaintiff continued to litigate after it clearly became so. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978); *Hughes v. Rowe*, 449 U.S. 5, 14-15 (1980) (per curiam) (applying *Christiansburg* to § 1988).

A defendant need not win a trial to prevail. A defendant may prevail even when the court rejects the plaintiff's claim for a reason other than the merits. *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 431-32 (2016). Dismissal of Count VII with prejudice under Rule 12(b)(6) would make the CSPOA Defendants prevailing parties.

Count VII was frivolous as to the CSPOA Defendants. The Fifth Circuit holds that § 1985(3) reaches only racially motivated conspiracies, *Cantu*, 933 F.3d at 419, and Plaintiff alleged none. His own pleading places the only event involving both CSPOA Defendants and Henderson after the arrest it supposedly caused, Compl. ¶ 148, and dates every act attributed to them more than five years before he sued. None of these defects depends on disputed facts. Each appears on the face of the Complaint, and Plaintiff acknowledged the animus problem and pleaded the claim anyway. *Id.* ¶ 151.

The factors the Fifth Circuit considers confirm the point: whether the plaintiff established a prima facie case, whether the defendant offered to settle, and whether the court dismissed the case or held a full trial. *Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). Plaintiff cannot make a prima facie showing on any element of Count VII as to the CSPOA Defendants. The CSPOA Defendants offered to resolve the claim through a voluntary dismissal. And the claim is being resolved on the pleadings.

Plaintiff was also on notice. On [October 23, 2026], the CSPOA Defendants served Plaintiff with a letter identifying each of these defects and offering him the opportunity to dismiss them. To the extent Plaintiff continues to press Count VII against the CSPOA Defendants after receiving that notice, he has "continued to litigate after it clearly became" groundless. *Christiansburg*, 434 U.S. at 422.

The CSPOA Defendants recognize that courts apply *Christiansburg* with particular care to pro se plaintiffs. *Hughes*, 449 U.S. at 15. Pro se status, however, is not a license to sue strangers on a theory that binding precedent forecloses and the plaintiff's own allegations defeat. Plaintiff is a sophisticated litigant. He researched and cited the governing standards, including the class-based animus requirement and the Fifth Circuit's conspiracy-pleading rule, and then pleaded around neither. Compl. ¶¶ 146-47, 151.

Because Count VII is the only claim asserted against the CSPOA Defendants, all of their fees in this action are attributable to it. *See Fox v. Vice*, 563 U.S. 826, 836 (2011). The CSPOA Defendants therefore ask the Court to hold that they are prevailing parties entitled to reasonable attorney's fees under § 1988(b), and to permit them to establish the amount by motion under Federal Rule of Civil Procedure 54(d)(2) within fourteen days after entry of judgment.

## VI. CONCLUSION AND PRAYER

For these reasons, Defendants Constitutional Sheriffs and Peace Officers Association, Inc. and Richard Mack respectfully ask the Court to dismiss all claims against them for lack of personal jurisdiction under Rule 12(b)(2). In the alternative, they ask the Court to dismiss Count VII as to them with prejudice under Rule 12(b)(6). They further ask the Court to award them their reasonable attorney's fees under 42 U.S.C. § 1988(b), in an amount to be established under Rule 54(d)(2), and to grant them all other relief to which they are entitled.

Respectfully submitted,

C.J. Grisham
State Bar No. 24124533
S.D. Tex. Bar No. 24124533
cj@gfalaw.us

**GFA Law, PLLC**
3809 S. General Bruce Dr., Suite 103-101

Temple, Texas 76502
Telephone: 254-405-1726

**ATTORNEYS FOR DEFENDANTS CONSTITUTIONAL SHERIFFS AND PEACE OFFICERS ASSOCIATION, INC. AND RICHARD MACK**

**CERTIFICATE OF SERVICE**

I certify that on October 23, 2026, I filed the foregoing through the Court's CM/ECF system, which will send notice to all counsel of record. I further certify that on the same date I served a copy on Plaintiff Joseph Aaron Caldarera, pro se, by first-class mail at 10680 Westbrae Pkwy, P301, Houston, Texas 77031, and by email to lt.caldarera@gmail.com.

C.J. Grisham