UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Joseph Aaron Caldarera, *Plaintiff,* | § | |
| v. | § | Civil Action No.: 4:26-cv-04110 |
| CONSTITUTIONAL SHERIFF'S PEACE OFFICER'S ASSOCIATION, INC.; MONTGOMERY COUNTY; WESLEY DOOLITTLE, Sheriff MCSO in his official capacity; RICHARD MACK, Chairman CSPOA; RAND HENDERSON, former Sheriff in his individual capacity; LESLESLY WILLIAMS, arresting officer in his official and individual capacities; NATHANIEL INMON, arresting officer in his official and individual capacity *Defendants.* | § | |

MONTGOMERY COUNTY'S AND SHERIFFS DOOLITTLE IN HIS OFFICIAL CAPACITY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

TO THE HONORABLE NICHOLAS J. GANJEI:

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ 3
NATURE AND STAGE OF THE PROCEEDINGS ........ 5
FACTS ........ 5
ISSUES PRESENTED ........ 7
STANDARD OF REVIEW ........ 8
SUMMARY ........ 9
ARGUMENT ........ 9

*Parties: Montgomery County and Sheriff Doolittle in his official capacity are the same party.* ..... 9

*Issue 1: Caldarera fails to state a plausible claim because all his claims are time-barred.* ..... 9

All of Caldarera's claims are time-barred by the two-year statute of limitations: ..... 9

The continuing violations tolling provision does not apply to Caldarera's claims: ..... 11

*Issue 2: Caldarera's Fourth Amendment claim fails because Caldarera alleges sufficient facts for a reasonable officer to believe there was probable cause to arrest Caldarera for assault.* ..... 12

*Issue 3: Caldarera's Equal Protection claims fail because his mere recitation of legal standards and nonsensical causal conclusions are not entitled to be accepted as true.* ..... 13

Caldarera failed to allege sufficient facts to support a plausible First Amendment claim: ..... 13

Caldarera failed to allege sufficient facts to support a plausible claim for selective prosecution: ..... 14

*Issue 4: Caldarera did not plead a plausible 14th Amendment Procedural Due Process claim.* ..... 14

Caldarera did not allege a plausible stigma-plus claim: ..... 15

Caldarera did not plead a plausible condition-of-confinement claim for failure to provide shoes upon release: ..... 16

Caldarera did not plead a plausible condition-of-confinement claim for failure to provide medication: ..... 16

Caldarera did not plead a plausible fabrication of evidence claim: ..... 17

*Issue 5: Caldarera's Monell claims fail because he did not plausibly allege a violation of his constitutional rights or that the alleged policy was the moving force behind his injury.* ..... 18

The *Monell* standard for vicarious municipal liability: ..... 18

Caldarera did not plead a plausible claim for a violation of his rights: ..... 19

Caldarera did not plausibly allege that a county policy was the moving force behind a violation of his constitutional rights: ..... 19

CONCLUSION ..... 20

PRAYER ..... 20

CERTIFICATE OF CONFERENCE ..... 21

CERTIFICATE OF COMPLIANCE ..... 21

CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE ..... 21

CERTIFICATE OF SERVICE ..... 22

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) ..... 7

*Baily v. City of Jasper, Tex.,* No. 1:12-cv-153, 2012 WL 4969126 (E.D. Tex. Sept. 24, 2012), report and recommendation adopted, No. 1:12.cv.153, 2012 WL 4970809 (E.D. Tex. Oct. 17, 2012) (not published) ..... 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) 7

*Blackburn v. City of Marshall,* 42 F.3d 925 (5th Cir.1995) ..... 14

*Campbell v. City of San Antonio*, 43 F.3d 973 (5th Cir.1996) ..... 7, 18

*DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989) ..... 15

*Dist. of Columbia v. Wesby,* 583 U.S. 48, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018) ..... 12

*Fernandez-Montes v. Allied Pilots Ass'n*., 987 F.2d 278 (5th Cir.1993) ..... 7

*First Gen. Realty Corp. v. Md. Cas. Co.,* 981 S.W.2d 495 (Tex.App.-Austin 1998, pet. denied) ..... 10

*Gobert v. Caldwell,* 463 F.3d 339 (5th Cir.2006) ..... 16

*Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983) ..... 12

*Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) .................... 8

*Loftin v. City of Prentiss, Miss.,* 33 F.4th 774 (5th Cir.2022) .......................................... 12

*Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978) ...................................................... 17

*Monell v. Department of Soc. Serv.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ........................................................................................................................ 17

*Oliver v. Collins,* 914 F.2d 56 (5th Cir.1990) ................................................................ 13

*Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1976) .............................. 14

*Piotrowski v. City of Houston,* 51 F.3d 512 (5th Cir. 1995) ........................................... 10

*Rhyne v. Henderson County,* 973 F.2d 386 (5th Cir.1992) ................................................ 8

*Rodriguez v. Holmes,* 963 F.2d 799 (5th Cir. 1992) ....................................................... 10

*Rolf v. City of San Antonio*, 77 F.3d 823 (5th Cir.1996) .................................................... 7

*Rushing v. Yazoo Cnty. by & through Bd. of Supervisors of Yazoo Cnty.,* 861 F. App'x 544 (5th Cir.2021) (not published)............................................................................... 11

*Russell v. Bd. of Trs.,* 968 F.2d 489 (5th Cir. 1992)......................................................... 10

*Siegert v. Gilley,* 500 U.S. 226, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ....................... 14

*Tectonic Realty Inv. Co. v. CNA Lloyd's of Tex. Ins. Co.,* 812 S.W.2d 647 (Tex. App.-Dallas 1991, writ denied) ......................................................................................... 10

*Terrell v. Allgrunn*, 114 F.4th 428 (5th Cir.2024)............................................................. 8

*Texas v. Thompson,* 70 F.3d 390 (5th Cir.1995) ............................................................. 14

*Turner v. Upton County, Texas,* 915 F.2d 133 (5th Cir.1990), *cert. Denied,* 498 U.S. 1069 (1991) ...................................................................................................................... 18

*Twyman v. Twyman,* 855 S.W.2d 619 (Tex. 1993) .......................................................... 10

*U.S. v. Ibarra,* 493 F.3d 526 (5th Cir.2007) ..................................................................... 12

*United States v. Carrillo-Morales,* 27 F.3d 1054 (5th Cir.1994)...................................... 11

*United States v. Nunez-Sanchez,* 478 F.3d 663 (5th Cir. 2007) ....................................... 11

*Wallace v. Kato,* 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) ........ 10

*Webster v. City of Houston*, 735 F.2d 838 (5th Cir.1984) ........ 17

*Winfrey v. Rogers,* 901 F.3d 483 (5th Cir.2018) ........ 9

**Statutes**

TEX. CIV. PRAC. & REM. CODE. § 16.003(a) ........ 10

**Rules**

FED. R. CIV. P. 12(B)(6) ........ 5, 8

FED. R. CIV. P. 8(a)(2) ........ 8

## NATURE AND STAGE OF THE PROCEEDINGS

Caldarera filed this suit on May 22, 2026. *Doc. 1.* Montgomery County and Sheriff Doolittle, in his official capacity, file this Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted and it is filed in *lieu* of an answer.

## FACTS

Facts alleged in the First Amended Complaint:

1. Montgomery County Sheriff's Deputies arrested Caldarera for assaulting his brother and mother. *Doc. 6 at pg. 2.* Caldarera denies both allegations and alleges that he was the actual victim. *Id., see also Doc. 6 at pgs. 13-14.* Caldarera admits he threw objects at his brother and struck his mother with "a bundle of thorns". *Doc. 6 at pg. 14 ¶ 39.*

2. Officers Williams and Inmon arrested Caldarera, even though he claimed he acted in self-defense and does not believe there was visible evidence supporting his brother's claim that Caldarera punched him twice in the face. *Doc. 6 at pg. 15 ¶ 43.*

3. Caldarera alleges that the physical evidence did not support a charge for injuring his mother with the “bundle of thorns” even though he admits that he hit her with it. *Doc. 6 at pg. 15 ¶ 45.*

4. Caldarera told the arresting officers that he did not commit the crimes. *Doc. 6 at pg. 6 ¶ 18.*

5. Caldarera was charged with family violence on February 3, 2021, in Cause No. 21-355-441 in Montgomery County Court at Law No. 5. *Doc. 6 at pg. 4 ¶ 13.*

6. The charge alleging violence against Christian (his brother) was dismissed on May 23, 2022. *Doc. 6 at pg. 4 ¶ 13.*

7. Caldarera’s charge for injury to the elderly, “Cause No. 21-02-0184-CR in the 359th District Court of Montgomery County” was reduced to “Assault Causing Bodily Injury” by plea agreement on May 23, 2022. *Doc. 6 at pg. 5 ¶ 15.* The charge was ultimately dismissed after Caldarera completed the terms of his deferred adjudication on November 28, 2023. *Id.*

8. Caldarera was arrested a second time for admittedly violating a Family Violence Protective Order that was a condition of his bond. *Doc. 6 at pgs. 17-18.* Caldarera appears to cite this arrest as a damage resulting from his first arrest, rather than a false arrest. *Doc. 6 at pg. 27 ¶ 87.*

9. The charge for violation of a protective order was dismissed on May 23, 2022. *Doc. 6 at pg. 4 ¶ 13.*

10. Caldarera was represented by counsel in his criminal proceedings. *Doc. 6 at pg. 5 ¶ 16, pg. 20 ¶ 59, pg. 21 ¶ 63, pg. 21 ¶ 66.*

11. While acting in his capacity as then-Sheriff or during his campaign, Henderson indicated that he did not believe a Sheriff was required to enforce unconstitutional laws. See *doc. 6 at pgs. 8-10.*

12. During his 105 days of detention, Caldarera was not provided with his asthma or HIV medications. *Doc. 6 at pg. 18 ¶ 56.*

13. Caldarera did not have shoes when he was released from jail on February 5, 2021, or after his 105 days of detention. *Doc. 6 at pg. 17 ¶¶ 49-50, pg. 19 ¶ 57.*

14. On May 23, 2024, Henderson signed a letter declining to bring official oppression charges against Deputies Williams and Inmon. *Doc. 6 at pg. 26 ¶¶ 81-82.*

## ISSUES PRESENTED

**Issue 1**: Whether Caldarera's claims are time-barred.

**Issue 2**: Whether Caldarera alleges a valid false arrest claim considering he admits to striking his brother and mother and contests that the officer did not believe his self-defense theory.

**Issue 3**: Whether Caldarera alleges a valid Equal Protection claim considering his alleged causal connection is nonsensical, and his pleadings are conclusory recitations of legal standards not entitled to be accepted as true.

**Issue 4**: Whether Caldarera pleaded a plausible Procedural Due Process claim.

**Issue 5**: Whether Caldarera stated a valid Monell claim considering he did not plausibly allege a violation of his constitutional rights or that the alleged policy was the moving force behind his injury.

## STANDARD OF REVIEW

12(b)(6) Standard of review:

A motion to dismiss for failure to state a claim should be granted when the claimants fail to demonstrate they can prove any facts which would entitle them to relief. *Rolf v. City of San Antonio*, 77 F.3d 823, 827 (5th Cir.1996). The complaint must be liberally construed in the claimants' favor and all factual allegations taken as true. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir.1993). However, "[t]he court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save the complaint." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir.1996). "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009) (citing FED. R. CIV. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 679 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007)). The Court may first determine which facts are entitled to the assumption of truth and then consider whether those facts plausibly suggest an entitlement to relief. *Iqbal,* 556 U.S. at 680. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusion." *Id.* at 678. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal citations omitted).

## SUMMARY

Caldarera brings a plethora of scantily pleaded causes of action against Montgomery County and numerous officers stemming from his February 3, 2021 arrest for family violence.

All of Caldarera's claims are time-barred by the applicable two-year statute of limitations.

In addition, even where he manages to allege facts, his pleadings fall well short of stating a plausible claim.

## ARGUMENT

***<u>Parties</u>*:** ***Montgomery County and Sheriff Doolittle in his official capacity are the same party.***

Montgomery County and Sheriff Doolittle in his official capacity are the same party because a suit against the Sheriff in his official capacity is a suit against the County. *Rhyne v. Henderson County,* 973 F.2d 386, 392 n. 2 (5th Cir.1992) (citing *Kentucky v. Graham,* 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)). Throughout this motion, they will be referred to collectively as "Montgomery County." Caldarera seems to acknowledge this issue. *Doc. 6 at pg. 3 ¶ 7* ("…Montgomery is sued through Sheriff Wesley Doolittle in his official capacity…").

***<u>Issue 1</u>*:** ***Caldarera fails to state a plausible claim because all his claims are time-barred.***

<u>All of Caldarera's claims are time-barred by the two-year statute of limitations:</u>

Caldarera's allegations stem from his February 3, 2021 arrest *(doc. 6 at pg. 26 (assault of his brother) and pg. 27 (assault of his mother))* and subsequent arrest for

violation of a protective order *(doc. 6 at pg. 4 ¶ 13)*. All charges were dismissed on May 23, 2022. *Doc. 6 at pg. 4 ¶ 13.*

There is a two-year statute of limitations on § 1983 claims and most tort claims. *Winfrey v. Rogers,* 901 F.3d 483, 492 (5th Cir.2018) and TEX. CIV. PRAC. & REM. CODE § 16.003(a). The Fourth Amendment false arrest claim, because it "more closely resembles" a malicious process claim than a false-imprisonment claim, begins to accrue when the prosecution ended in Caldarera's favor. *Winfrey,* 901 F.3d at 492-93.

Based on Caldarera's allegations, the statute of limitations for his stigma-plus, condition of confinement claim based on failure to bring shoes to jail on the night of his arrest, and state-law tort claims expired on February 3, 2023 (two years after date of arrest).

Based on Caldarera's allegations, the statute of limitations for his initial false arrest claims, fabrication of evidence, and state-law tort claims expired on May 23, 2024 (two years after dismissal of the criminal cases).

Caldarera was released from jail for the first time on February 5, 2021, and again after his 105 days of detention for violating a protective order (likely late May, 2021). *Doc. 6 at pg. 17 ¶¶ 49-50, pg. 19 ¶ 57.* Based on Caldarera's allegations, the statute of limitations for his condition-of-confinement claims based on failure to provide medications during his confinement expired in May of 2023.

Caldarera filed suit on May 22, 2026. *Doc. 1*. Caldarera's claims are time-barred as a matter of law.

The continuing violations tolling provision does not apply to Caldarera's claims:

Caldarera asserts claims related to the loss of his teaching license. *Doc. 6 at pg. 36.* The licensing agency (TEA) issued an order on July 21, 2023. *Doc. 6 at pg. 37 ¶ 125.*

Caldarera asserts that his claim is timely because Henderson refused to "correct the record" on May 23, 2024. *Doc. 6 at pg. 37 ¶ 125.* He argues that this constitutes a continuing tort under Texas law. *Doc. 6 at pg. 37 ¶ 125.* He relies on *Twyman v. Twyman,* 855 S.W.2d 619 (Tex. 1993); *First Gen. Realty Corp. v. Md. Cas. Co.,* 981 S.W.2d 495, 501 (Tex.App.-Austin 1998, pet. denied); *Tectonic Realty Inv. Co. v. CNA Lloyd's of Tex. Ins. Co.,* 812 S.W.2d 647, 654 (Tex. App.-Dallas 1991, writ denied).

Not only do none of these cases support Caldarera's position that any potential plaintiff may revive the statute of limitations by merely asking the defendant to correct its record, but his reliance on Texas case law interpretation is also misplaced.

> The date a § 1983 claim accrues is a question of federal law. *Wallace v. Kato,* 549 U.S. 384, 388, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Under our precedent, a § 1983 claim accrues, and the limitations period begins to run, " 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.' " *Russell v. Bd. of Trs.,* 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Rodriguez v. Holmes,* 963 F.2d 799, 803 (5th Cir. 1992)). The plaintiff "need not realize that a legal cause of action exists; [he] need only know the facts that would support a claim." *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995). We turn to consider when Rushing became aware, or should have become aware, of the facts supporting each of his § 1983 claims. See *Russell,* 968 F.2d at 493.

*Rushing v. Yazoo Cnty. by & through Bd. of Supervisors of Yazoo Cnty.,* 861 F. App'x 544, 551-52 (5th Cir.2021) (not published). The Fifth Circuit rejected the use of the continuing-violation doctrine to revive a time-barred claim based on damages that stemmed from a

prior act. *Id.,* at 553. Similarly, Caldarera's damages stem from the arrest; his loss of licenses was "a delayed, but inevitable, consequence." *Id.* (citation omitted).

This suit should be dismissed because all Caldarera's claims are time-barred.

***<u>Issue 2</u>:*** ***Caldarera's Fourth Amendment claim fails because Caldarera alleges sufficient facts for a reasonable officer to believe there was probable cause to arrest Caldarera for assault.***

Caldarera alleges that Montgomery County is liable for false arrest. *Doc. 6 at pg. 26 (assault of brother) and pg. 27 (assault of mother).*

Probable cause exists when the officer knows facts and circumstances which would cause an officer of reasonable caution to believe that a person has committed, is committing, or is about to commit a crime. *United States v. Carrillo-Morales,* 27 F.3d 1054, 1062 (5th Cir.1994). The facts within the officer's knowledge must establish a "fair probability" that a crime occurred, which is defined as "more than a bare suspicion" but less than a fifty percent probability. *United States v. Nunez-Sanchez,* 478 F.3d 663, 666-67 (5th Cir. 2007). Probable cause merely requires a "fair probability" that an offense had occurred. *Id.* This is a commonsense analysis "the evidence…must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." *Illinois v. Gates,* 462 U.S. 213, 232, 103 S.Ct. 2317, 76 L.Ed. 2d 527 (1983) (internal citation omitted). Deputies are entitled to the "collective knowledge" of the on-scene officers. *U.S. v. Ibarra,* 493 F.3d 526, 530-31 (5th Cir.2007) (internal citations omitted).

Caldarera admits to throwing objects at his brother and sticking his mother with "a bundle of thorns". *Doc. 6 at pg. 14 ¶ 39.* Considering his admission, his self-defense assertion "does not vitiate probable cause." See *Loftin v. City of Prentiss, Miss.,* 33 F.4th 774, 781, fn 3 (5th Cir.2022) (citing *Dist. of Columbia v. Wesby,* 583 U.S. 48, 61, 138 S.Ct. 577, 199 L.Ed.2d 453 (2018) ("[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." ) and *Id.* at 68 ("[I]nnocent explanations—even uncontradicted ones—do not have any automatic, probable-cause-vitiating effect.") (remaining citations omitted)).

Because a reasonable officer could have believed that probable cause existed to arrest Caldarera despite his self-defense claim, his claim for false arrest fails to state a claim upon which relief can be granted and should be dismissed.

***<u>Issue 3</u>:*** ***Caldarera's Equal Protection claims fail because his mere recitation of legal standards and nonsensical causal conclusions are not entitled to be accepted as true.***

Caldarera brings his equal protection claim against Montgomery County under the 14th Amendment. *Doc. 6 at pg. 29.*

<u>Caldarera failed to allege sufficient facts to support a plausible First Amendment claim:</u>

The police report indicated that Caldarera's brother "hates gay people" and is "homophobic". *Doc. 6 at pg. 15 ¶ 44.* Caldarera concludes that the statements by his brother somehow created a pretext for his arrest. *Doc. 6 at pg. 29 ¶¶ 97-98.* Caldarera further concludes that the pretext supports his selective enforcement claim. *Doc. 6 at pg.*

*30 ¶ 101*. He then recites elements of arbitrary and capricious to arrive at his conclusion that officers violated his equal protection rights. *Id*.

Caldarera's formulaic recitation of legal standards and non-sensical causal connections between his brother and the police report fails to state a cognizable claim.

<u>Caldarera failed to allege sufficient facts to support a plausible claim for selective prosecution:</u>

Caldarera's claim arises from Henderson's May 23, 2024 failure to bring official oppression charges against Williams and Inmon for arresting Caldarera. *Doc. 6 at pg. 26 ¶¶ 81-82 and pg. 31*.

The issue is whether Caldarera has a constitutional right to have someone else prosecuted; he does not. *Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir.1990) (a person "does not have a constitutional right to have someone criminally prosecuted.") and *Baily v. City of Jasper, Tex.,* No. 1:12-cv-153, 2012 WL 4969126, at *3 (E.D. Tex. Sept. 24, 2012), report and recommendation adopted, No. 1:12.cv.153, 2012 WL 4970809 (E.D. Tex. Oct. 17, 2012) (not published) (dismissing § 1983 claims alleging failure to investigate a sexual assault). Caldarera does not allege that Henderson sought charges against other officers in similar cases related to similarly situated persons.

Caldarera's conclusory recitation of legal standards is insufficient to state a valid claim.

***<u>Issue 4</u>: Caldarera did not plead a plausible 14th Amendment Procedural Due Process claim.***

Caldarera alleges Montgomery County is liable for 14th Amendment Procedural Due Process violations. *Doc. 6 at pg. 36*.

<u>Caldarera did not allege a plausible stigma-plus claim:</u>

Caldarera alleges that the police report led to loss of his teaching license or damage to his reputation, thus supporting a stigma-plus claim. *Doc. 6 at pg. 36*.

The Supreme Court recognized that stigma caused by defamation alone is not actionable under the Fourteenth Amendment. *Paul v. Davis,* 424 U.S. 693, 709, 96 S.Ct. 1155, 47 L.Ed. 2d 405 (1976). The Supreme Court reiterated that damage to reputation alone is insufficient. *Id.,* at 711-712.

"To satisfy the stigma prong of this test, 'the plaintiff must prove that the stigma was caused by a false communication.' Moreover, we have found sufficient stigma only where a state actor has made concrete, false assertions of wrongdoing on the part of the plaintiff." *Blackburn v. City of Marshall,* 42 F.3d 925, 936 (5th Cir.1995) (internal citations and emphasis omitted).

"Allegations of damage to one's reputation or the impairment of future employment prospects fail to state a claim of denial of a constitutional right." *Texas v. Thompson,* 70 F.3d 390, 392 (5th Cir.1995) (citing *Siegert v. Gilley,* 500 U.S. 226, 233-34, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). "However, damage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983." *Thompson,* 70 F.3d at 392 (citing *Paul,* 424 U.S. at 710–12).

Caldarera does not plausibly allege that an officer made any false or defamatory statements, rather he alleges that the officers believed the victims of Caldarera's assault and did not believe Caldarera's self-defense claim.

<u>Caldarera did not plead a plausible condition-of-confinement claim for failure to provide shoes upon release:</u>

Caldarera alleges that officers violated his rights by not bringing Caldarera's shoes to jail. *Doc. 6 at pg. 39 ¶ 129*. Caldarera alleges he was injured, after his release from jail, walking to a homeless shelter. *Doc. 6 at pg. 39 ¶ 129, pg. 19 ¶ 57.*

The duty to protect a pretrial detainee is based on the detainee's inability to protect himself while in custody. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 198-99, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). The 14th Amendment is a limitation on the state's action. *Id.* at 195. It does not provide an affirmative obligation unless a "special relationship," such as when a person is in custody, exits. *Id.* at 195, 197, 198-199. The obligation arises from the restraint on the individual's "freedom to act on his own behalf", not from the "State's knowledge of the individual's predicament." *Id.* at 200 (internal citations omitted). The "special relationship" ceased to exist when Caldarera was released from custody.

Caldarera's claim is without merit because his allegation arises from his walk to the homeless shelter after release.

<u>Caldarera did not plead a plausible condition-of-confinement claim for failure to provide medication:</u>

Caldarera alleges his rights were violated because he was not provided with asthma and HIV medications during his 105 day detention. *Doc. 6 at pgs. 38-39*. Caldarera

conflates conditions of confinement with an episodic act or omission and then provides insufficient pleadings to establish either. *Doc. 6 at pg. 38 ¶ 127*. Caldarera does not allege who prescribed him medication, how and if the jail staff would have known about the prescriptions, whether he cooperated with the jail staff on obtaining his medical records, whether the jail staff did obtain his medical records, whether he met with a medical provider while in jail who authorized administration of the medication, and which jail members refused to provide the medication authorized by the medical provider. Caldarera has provided insufficient facts to plausibly allege the deliberate indifference required to state a valid claim. See *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir.2006).

<u>Caldarera did not plead a plausible fabrication of evidence claim:</u>

Caldarera alleges that officers fabricated evidence and used it to frame him because they did not believe Caldarera's version of events over that of his brother's and mother's. *Doc. 6 at pg. 40 ¶ 133*. Caldarera alleges "…Inmon's report characterized Plaintiff as the aggressor notwithstanding: [Caldarera's version of events and injuries]." *Id.* First, a differing characterization of events in a police report is not fabrication. Second, officers were not required to believe Caldarera's version of events; especially considering he admitted to throwing objects at his brother and sticking his mother with "a bundle of thorns". *Doc. 6 at pg. 14 ¶ 39*. *Wesby,* 583 U.S., at 61 ("[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." ) and *Id.* at 68 ("[I]nnocent explanations—even uncontradicted ones—do not have any automatic, probable-cause-vitiating effect.") (remaining citations omitted)).

***Issue 5*: *Caldarera's Monell claims fail because he did not plausibly allege a violation of his constitutional rights or that the alleged policy was the moving force behind his injury.***

Caldarera attempts to hold Montgomery County vicariously liable for the alleged violations of his rights. *Doc. 6 at pg. 31 - 35*.

The *Monell* standard for vicarious municipal liability:

To hold Montgomery County liable for a violation of his constitutional rights, Caldarera must prove an official policy existed, was created by a policy maker, and the policy was the moving force behind a constitutional violation. *Monell v. Dep't of Soc. Servs*., 436 U.S. 658 (1978). Montgomery County cannot be held vicariously liable for the acts of staff under a theory of *respondeat superior*. *Id.*, at 690 n.55.

An official policy of a municipality is defined as: (1) a policy statement, ordinance, regulation or decision that is officially adopted and promulgated by the municipality's lawmaking officials or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent wide-spread practice of city officials or employees which, although not authorized by officially adopted and promulgated policy, is so common and well-settled as to constitute a custom that fairly represents municipal policy. *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984). Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom the body has delegated policy-making authority.

The county policy maker on law enforcement policies at the time of Caldarera's arrest was then-Sheriff Rand Henderson. *Turner v. Upton County, Texas,* 915 F.2d 133,

136 (5th Cir.1990), *cert. Denied,* 498 U.S. 1069 (1991).

<u>Caldarera did not plead a plausible claim for a violation of his rights:</u>

As explained above in each of their separate issues, Caldarera failed to plausibly allege a violation of his constitutional rights. *Supra*.

<u>Caldarera did not plausibly allege that a county policy was the moving force behind a violation of his constitutional rights:</u>

The basis of Caldarera's "moving force" or causal connection between Montgomery County policy and his arrest is then-Sheriff Henderson's involvement with The Constitutional Sheriff's and Peace Officer's Association ("CSPOA"), specifically with CSPOA's views on Second Amendment rights. See *e.g., doc. 6 at pg. 9 ¶ 26, pg. 10 ¶ 30 (CSPOA believes that a sheriff may ignore federal gun laws), doc. 6 a pg. 19 ¶ 29 (Henderson would combat "federal overreach")*, and *doc. 6 at pg. 13 ¶ 35 (The Sheriff's Office "operated as a 'second amendment sanctuary'")*.

Caldarera's allegations of causation are nothing more than legal conclusions masquerading as facts, and as such they are not entitled to be accepted as true. *Ashcroft at* 129 S.Ct., 1949 and 1951. To believe the statements related to federal overreach, especially considering they apply to enforcement of gun laws, demonstrates intent to falsely arrest Caldarera for admittedly striking his brother and mother requires this Court to "construe elaborately arcane scripts to save the complaint." See *Campbell,* 43 F.3d., at 975. Caldarera has not pled facts permitting "the court to infer more than a mere possibility of misconduct", which is insufficient to meet the pleading standard. *Ashcroft,* 129 S.Ct., at 1950. Caldarera's conclusory leap in causation is not plausible on its face. See *id.*

Caldarera does not draw any plausible connection between his arrest and the CSPOA, the CSPOA speaker, or Henderson's statements.

The remainder of Caldarera's allegations, which appear to be aimed at a pattern and practice claim, are mere conclusory recitations of legal standards and as such are not entitled to be accepted as true. *Doc. 6 at pg. 41 ¶¶ 134-35*.

Caldarera's argument lacks any particular facts or allegations plausibly asserting an underlying violation of his rights, or a causal connection between an officer's alleged conduct or beliefs and Caldarera's arrest for domestic violence.

## CONCLUSION

Because Caldarera's allegations, even if true, do not state a valid constitutional or state-law claim, this case should be dismissed in its entirety.

## PRAYER

The Defendants pray this Court dismiss this case for failure to state a claim upon which relief can be granted. The Defendants pray for all other relief to which they may be entitled.

Respectfully submitted,

BY:__s/ Daniel Plake________
Daniel Plake
Assistant County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone: (936) 539-7828
Facsimile: (936) 538-8079

ATTORNEY FOR
DEFENDANTS INMON,
WILLIAMS, AND
HENDERSON IN THEIR
INDIVIDUAL CAPACITIES,
MONTGOMERY COUNTY,
AND SHERIFF DOOLITTLE IN
HIS OFFICIAL CAPACITY.

**CERTIFICATE OF CONFERENCE**

I sent Mr. Caldarera an email on 10/29/26 seeking conference. Mr. Caldarera responded that he disagrees with the basis of the motion and is opposed to the relief sought.

s/ Daniel Plake______________

**CERTIFICATE OF COMPLIANCE**

Per the Court's Procedure 16c, this document complies with the Court's 5,000 word limit because it contains 4,020 words excluding caption, table of contents, table of authorities, signature block, and certificates.

s/ Daniel Plake______________

**CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE**

Artificial Intelligence was:
 Used x Not Used for Researching (other than AI imbedded in Westlaw searches)
 Used x Not Used for Outlining
 Used x Not Used for Drafting
X Used Not Used for Editing
 Used x Not Used for other (_________________________________)

I have verified all factual and legal assertions made in the brief—including case citations—comply with Rule 11 of the Federal Rules of Civil Procedure. Verification of factual assertions does not include acceptance of factual assertions as true that are accepted as true for the purposes of a motion that relies on factual assertions of other parties or attorneys.

s/ Daniel Plake______________

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2026 a true and correct copy of the foregoing instrument was forwarded via electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following:

Joseph Aaron Caldarera
10680 Westbrae Pkwy P 301
Houston, TX
Lt.caldarera@gmail.com
*Pro se plaintiff*

s/ Daniel Plake_____________