UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Joseph Aaron Caldarera, *Plaintiff,* | § § § | |
| v. | § § | Civil Action No.: 4:26-cv-04110 |
| CONSTITUTIONAL SHERIFF'S PEACE OFFICER'S ASSOCIATION, INC.; MONTGOMERY COUNTY; WESLEY DOOLITTLE, Sheriff MCSO in his official capacity; RICHARD MACK, Chairman CSPOA; RAND HENDERSON, former Sheriff in his individual capacity; LESLESLY WILLIAMS, arresting officer in his official and individual capacities; NATHANIEL INMON, arresting officer in his official and individual capacity *Defendants.* | § § § § § § § § § § § § | |

MONTGOMERY COUNTY, SHERIFF DOOLITTLE IN HIS OFFICIAL CAPACITY, HENDERSON, WILLIAMS, AND INMON'S RESPONSE IN OPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

TO THE HONORABLE NICHOLAS J. GANJEI:

Montgomery County, Sheriff Doolittle in his official capacity, Henderson, Williams, and Inmon (the "MOCO Defendants") file this response in opposition to Plaintiff's motion for leave to file a second amended complaint and show that Plaintiff's motion should be denied as futile because the statute of limitations have expired.

Caldarera filed this suit on May 22, 2026. *Doc. 1.* Caldarera filed his First Amended Complaint on August 20, 2026. *Doc. 6.* All MOCO defendants filed motions to dismiss

the claims against them, and each have the required certificate of conference. *Docs. 10, 36, and 37*. The remaining defendants also filed a motion to dismiss. *Doc. 27*.

**<u>Standard of Review</u>:**

"Although Rule 15 evinces a bias in favor of granting leave to amend, it is not automatic." *Southmark Corp. v. Schulte Roth & Zabel (In re Southmark Corp.)*, 88 F.3d 311, 314 (5th Cir.1996) (quotation marks and citation omitted). "Under Rule 15, the courts consider such equitable factors as '(1) undue delay; (2) bad faith; (3) dilatory motive on the part of the movant; (4) repeated failure to cure deficiencies by any previously allowed amendment; (5) undue prejudice to the opposing party; and (6) futility of amendment." *Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir.2009) (internal quotations deleted).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co.*, LLC, 234 F.3d 863, 872-73 (5th Cir.2000) (citation omitted). Whether a proposed pleading amendment is futile is essentially the same inquiry the Court must conduct in deciding whether the complaint states a claim upon which relief can be granted. *Id.* (citations omitted). The MOCO Defendants incorporate by reference the standard of review for a motion to dismiss for failure to state a claim upon which relief can be granted. *Docs. 10, 36, and 37.*

**Issue 1: It is futile for Caldarera to file a Second Amended Complaint considering that all his claims are time-barred.**

The MOCO Defendants each raised statute of limitations as a defense in their pending motions to dismiss. *Doc. 10 at pg. 11, doc. 36 at pg. 9 and doc. 37.* The MOCO

Defendants incorporate their arguments by reference as if they were repeated in this Response.

Caldarera's motion for leave to amend and proposed Second Amended Complaint argue that his claims are timely.

First, Caldarera argues that the violations are ongoing. *Doc. 35 at pg. 63-64*. The basic premise of his argument is that the records related to his arrest are false, and therefore each day they are maintained constitutes a "continuing injury." *Id*.

Next, Caldarera argues that he did not learn that the report was conveyed to the TEA, through whom he had a teaching license, until November 2024 and therefore the statute of limitations is tolled. *Doc. 35 at pg. 70*. Caldarera again asserts that the records were false. *Id*. Caldarera's argument seems inconsistent with his attachments, which indicate TEA notified him of their decision in July of 2023. *Doc. 35-1 at pgs. 58-65*. His attachments also indicate TEA sent him notification of their investigation in November of 2022. *Doc. 35-1 at pg. 79*.

Caldarera's premise confuses the accuracy of the records with his disagreement with the underlying facts. As alleged by Caldarera, the records accurately reflect that he was arrested for family violence, and that he pleaded guilty to offense stemming from that arrest. The records are therefore accurate, even if he disputes the underlying facts.

Caldarera's attempt to base his claims on then-Sheriff Henderson's refusal to undue the facts supporting Caldarera's guilty plea by changing the facts of the police report are without merit.

First, Caldarera cannot cite any authority providing a constitutional right to collaterally attack his police report and conviction by suing to have the contents of his report changed.

Second, even if the report is not accurate, that is not an infringement of Caldarera's rights because he does not have a right to an accurate police report. See *Rich v. Palko,* 920 F.3d 288, 297-298 (5th Cir.2019) (The Plaintiff "fails to identify a single case suggesting that an individual has a right to be free from inaccuracies in an after-the-fact police report or that an inaccurate report serves as a sort of continuing constitutional violation…") (citing *Smith v. Patri,* 99 F.App'x 497, 498 (5th Cir.2004) (unpublished opinion) (per curiam) ("[T]here is no right to a completely accurate police report.") and *Jarett v. Twp. Of Bensalem,* 312 F.App'x 505, 507 (3rd Cir.2009) (unpublished opinion) ("[T]the mere existence of an allegedly incorrect police report fails to implicate constitutional rights.")).

## CONCLUSION

Because Caldarera's arguments to toll the statute of limitations are without merit, and the proposed amendment does not cure his failure to file this suit within the applicable statute of limitations, this Court should deny his motion for leave to file a Second Amended Complaint.

## PRAYER

The MOCO Defendants pray this Court deny Caldarera's motion for leave to file a second amended complaint and dismiss this case for failure to state a claim upon which relief can be granted. The Defendants pray for all other relief to which they may be entitled.

Respectfully submitted,

BY: s/ Daniel Plake
Daniel Plake
Assistant County Attorney
Texas Bar No. 24062942
Federal ID No. 918023
Daniel.plake@mctx.org
501 N. Thompson St. Suite 100
Conroe, TX 77301
Phone: (936) 539-7828
Facsimile: (936) 538-8079
ATTORNEY FOR DEFENDANTS INMON, WILLIAMS, AND HENDERSON IN THEIR INDIVIDUAL CAPACITIES, MONTGOMERY COUNTY, AND SHERIFF DOOLITTLE IN HIS OFFICIAL CAPACITY.

## CERTIFICATE OF COMPLIANCE

Per the Court's Procedure 16c, this document complies with the Court's 5,000 word limit because it contains 857 words excluding caption, table of contents, table of authorities, signature block, and certificates.

s/ Daniel Plake______________

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

Artificial Intelligence was:
Used x Not Used for Researching (other than AI imbedded in Westlaw searches)
Used x Not Used for Outlining
Used x Not Used for Drafting
Used x Not Used for Editing
Used x Not Used for other (________________________________)

I have verified all factual and legal assertions made in the brief—including case citations—comply with Rule 11 of the Federal Rules of Civil Procedure. Verification of factual assertions does not include acceptance of factual assertions as true that are accepted as true for the purposes of a motion that relies on factual assertions of other parties or attorneys.

s/ Daniel Plake______________

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2026 a true and correct copy of the foregoing instrument was forwarded via electronic delivery pursuant to the local rules or United States Mail pursuant to Federal Rule of Civil Procedure to the following:

Joseph Aaron Caldarera
10680 Westbrae Pkwy P 301
Houston, TX
Lt.caldarera@gmail.com
*Pro se plaintiff*

s/ Daniel Plake______________