United States Courts
Southern District of Texas
FILED
NOV 13 2026
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH AARON CALDARERA,<br>Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-04110 |
| | § | |
| CONSTITUTIONAL SHERIFFS AND | § | |
| PEACE OFFICERS ASSOCIATION, | § | |
| INC., et al.,<br>Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO THE MOTION TO DISMISS OF DEFENDANTS CONSTITUTIONAL SHERIFFS AND PEACE OFFICERS ASSOCIATION, INC. AND RICHARD MACK (DKT. 27)**

Plaintiff Joseph Aaron Caldarera, proceeding pro se, responds to the Motion to Dismiss filed by Defendants Constitutional Sheriffs and Peace Officers Association, Inc. ("CSPOA") and Richard Mack (together, the "CSPOA Defendants") (Dkt. 27). The motion attacks a single claim, the conspiracy claim under 42 U.S.C. § 1985(3) in Count VII of the First Amended Complaint. Plaintiff has withdrawn that claim. The motion should be denied as moot, and its requests for dismissal with prejudice and for attorney's fees should be denied.

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed this action on May 22, 2026 (Dkt. 1) and his First Amended Complaint ("FAC") on August 20, 2026 (Dkt. 6), before any defendant had responded. The CSPOA Defendants were served on October 16, 2026 (Dkt. 23) and filed this motion on October 23, 2026 (Dkt. 27). The same day, the Court entered its Scheduling Order, which sets January 21, 2027 as the deadline to amend pleadings (Dkt. 28). On October 29, 2026, Plaintiff moved for leave to file a Second Amended Complaint ("SAC") and gave notice that he withdraws the § 1985(3) claim as to all Defendants (Dkt. 35). That motion is opposed (Dkts. 38, 39). No discovery has occurred.

## II. STATEMENT OF FACTS

### A. Facts the motion does not dispute

For purposes of their motion, the CSPOA Defendants do not dispute, and in several instances state in their own words, the following facts:

1. CSPOA held a two-day training event in The Woodlands, Montgomery County, Texas, on February 26 and 27, 2021, at which Mr. Mack and then-Sheriff Rand Henderson both spoke. Dkt. 27 at 5.

2. Mr. Mack is CSPOA's founder and chairman. *Id.* at 4.

3. In 2016, then-candidate Henderson stated that Mr. Mack had endorsed his campaign for Sheriff of Montgomery County. *Id.* at 5.

4. The CSPOA Defendants endorsed a candidate for Texas county office and appeared at training seminars in Texas, including the event in Montgomery County and seminars in other Texas counties in July 2021. *Id.* at 7–8. The motion does not contend that these contacts were not purposeful. It contends only that Plaintiff's claim does not relate to them. *Id.* at 7.

5. The memorandum of the Texas Commission on Law Enforcement ("TCOLE") attached to the FAC is part of the pleading, and its contents control. *Id.* at 9, 11. That memorandum attributes the statements at issue to "[t]he CSPOA events." *Id.* at 11. According to the memorandum, those events taught that sheriffs "have a duty to interpose" against "state agents" whose laws they deem unconstitutional, that officers are "empowered to say what the law is," and that "unjust laws" are "nullities." Dkt. 6 at 54–55.

6. In a civil rights conspiracy, limitations runs separately from each overt act, and the May 23, 2024 decision of the Sheriff's Office falls within the limitations period. Dkt. 27 at 11–12.

Plaintiff uses CSPOA's correct corporate name as the motion supplies it. *Id.* at 1 n.1.

### B. Additional jurisdictional facts

The Woodlands event was attended by Texas law enforcement officers. According to Mr. Mack himself, 27 Texas sheriffs or deputies attended it. Ex. A (Jessica Pishko, *The fringe ideology of "constitutional sheriffs" is attracting believers within Texas law*

*enforcement*, Tex. Trib., Jan. 13, 2023). The same report states that a CSPOA list of Texas sheriffs who attended its trainings includes Rand Henderson of Montgomery County, and that attendees received a written "Statement of Constitutional Sheriff" to use "as a guide in all law enforcement endeavors." *Id.*

**C. What is disputed**

The motion contends that the CSPOA Defendants did not know Plaintiff and took no part in the May 23, 2024 decision. Dkt. 27 at 5, 12. Whether the undisputed facts above support an inference of agreement is a question of inference, which at this stage is resolved in Plaintiff's favor.

## III. STATEMENT OF THE ISSUES

1. Whether a motion directed solely to a withdrawn claim should be denied as moot.

2. In the alternative, whether Plaintiff has made a prima facie showing of specific personal jurisdiction, or is entitled to limited jurisdictional discovery.

3. Whether any dismissal should be with prejudice.

4. Whether the request for attorney's fees under 42 U.S.C. § 1988(b) should be denied.

5. Whether relief may rest on restated claims, or end the claims before discovery.

## IV. STANDARD OF REVIEW

An amended complaint supersedes the original and renders it of no legal effect. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). On a Rule 12(b)(2) motion decided without a hearing, the plaintiff need make only a prima facie showing, and conflicts in the facts are resolved in the plaintiff's favor. *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). A pro se filing is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A prevailing defendant may recover fees under § 1988(b) only if the claim was frivolous, unreasonable, or without foundation, *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978), a standard applied with particular care to pro se plaintiffs, *Hughes v. Rowe*, 449 U.S. 5, 15 (1980).

## V. ARGUMENT

### A. The motion is moot.

The motion states that Count VII "is the only claim asserted against the CSPOA Defendants." Dkt. 27 at 16. Each of its Rule 12(b)(6) arguments addresses that claim: racial animus (*id.* at 9), agreement (*id.* at 10–11), limitations (*id.* at 11–12), and the First Amendment (*id.* at 12–13). Plaintiff has withdrawn Count VII. Dkt. 35. Once leave is granted, the FAC will have no legal effect, *King*, 31 F.3d at 346, and the motion will address an inoperative pleading. The motion should be denied as moot, without prejudice to the CSPOA Defendants' right to respond to the operative complaint. Plaintiff does not ask the Court to decide, on this motion, whether the SAC states a claim against them.

Two points need no further briefing. First, the SAC does not rely on the Texas continuing-tort doctrine for any federal claim, so the motion's argument under *Wallace v. Kato* (Dkt. 27 at 12) no longer applies. Second, the SAC does not assert a right to have anyone arrested or prosecuted, and makes no such demand. *Cf. id.* (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). It alleges that when Plaintiff sought the Sheriff's Office's protection, reporting conduct he identified as four counts of tampering with a governmental record and six counts of official oppression, protection was withheld on the basis of a classification: the doctrine that the sheriff serves his "constituents," as pleaded, those aligned with CSPOA rather than with the law of Texas. SAC ¶¶ 155–158, 172, 253.

Mr. Mack has told prospective members that the reason to join CSPOA is that the sheriff "will protect you and only you. Nobody else." SAC ¶ 42; *see also* Video recording, YouTube, at 10:03, https://www.youtube.com/watch?v=5WekEZiqsO8&t=603s ("Why become a member of CSPOA – because the Sheriff works only for you."). That claim, assessed under *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 266–68 (1977), is one the Equal Protection Clause recognizes. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 n.3 (1989).

### B. In the alternative, Plaintiff has made a prima facie showing of specific jurisdiction.

Plaintiff does not contend that either CSPOA Defendant is at home in Texas. The question is specific jurisdiction, which requires purposeful contacts with the forum, a claim that arises out of or relates to those contacts, and a fair and reasonable exercise of jurisdiction. *Seiferth v. Helicópteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006).

1. **Purposeful contacts are undisputed.** The motion does not argue that the CSPOA Defendants' Texas contacts were not purposeful. Dkt. 27 at 7–8. Those

contacts are their own, not borrowed from Henderson or the deputies. They came to Montgomery County and conducted a two-day training for Texas law enforcement, attended by 27 sheriffs or deputies according to Mr. Mack. *Id.* at 5; Ex. A. They endorsed a candidate for Texas county office and conducted trainings in other Texas counties. Dkt. 27 at 7–8. These are contacts "with the forum State itself." *Walden v. Fiore*, 571 U.S. 277, 285 (2014). Plaintiff does not rely on a conspiracy theory of jurisdiction.

The nature of the Montgomery County contact confirms purposeful availment. Montgomery County, through its Sheriff's Office, outsourced the constitutional training of its officers to an Arizona organization, and the CSPOA Defendants came to Montgomery County to provide it. SAC ¶¶ 10–14, 168, 230. What they delivered was instruction in interposition and nullification, and the compact theory on which those doctrines rest: that sheriffs "have a duty to interpose on behalf of constituents" against "state agents," that officers are "empowered to say what the law is," and that "unjust laws" are "nullities." Ex. B at 3–4; SAC ¶¶ 38–46.

TCOLE awarded Texas training credit to every attendee, *id.* at 3, and attendees understood they were being taught the duties of Texas officers, *id.* at 4. Contracting to train a Texas sheriff's officers in Texas, for Texas credit, in how to perform their Texas duties is the deliberate "privilege of conducting activities within the forum State" that defines purposeful availment. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

**2. The claim relates to those contacts.** The motion treats the claim as one arising from the February 2021 arrests. Dkt. 27 at 7. The SAC does not seek damages for those arrests. SAC ¶¶ 5, 34, 181. It alleges that a doctrine of discretionary enforcement, taught at CSPOA's events in Montgomery County to officers of the Montgomery County Sheriff's Office, became that office's policy and was applied to Plaintiff in the Sheriff's May 23, 2024 decision. SAC ¶¶ 10–14, 38–46, 155–158, 168, 172, 224, 229–230. The "relate to" standard does not require proof of causation. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). The required "affiliation between the forum and the underlying controversy," *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017), is present: the same county, the same office, and the same sheriff.

**3. Jurisdiction is fair and reasonable.** Once a plaintiff shows minimum contacts, the defendant must present a compelling case that jurisdiction would be unreasonable. *Burger King*, 471 U.S. at 477. The motion makes no such argument.

**4. Limited jurisdictional discovery.** If the Court finds the showing insufficient, Plaintiff asks for limited jurisdictional discovery before any dismissal. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). Plaintiff would seek CSPOA's attendee records and 2021 year-end report for its Texas trainings, any agreement or payment between CSPOA and the Montgomery County Sheriff's Office, and the "Statement of Constitutional Sheriff" distributed to attendees. These records bear directly on the extent of the CSPOA Defendants' Texas contacts and their relation to the Sheriff's Office.

**C. No dismissal should be with prejudice.**

A withdrawn claim should be denied as moot, not dismissed on the merits. The proposed order would dismiss "for lack of personal jurisdiction WITH PREJUDICE for failure to state a claim." Dkt. 27-1 at 1. Those dispositions cannot coexist. A court generally may not rule on the merits without first establishing jurisdiction over the parties. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). A dismissal for lack of personal jurisdiction is without prejudice, as the CSPOA Defendants now acknowledge. Dkt. 39 at 20–21.

Nor would amendment be futile. *Cf.* Dkt. 27 at 13. Plaintiff's first amendment was filed before any defendant responded. The Scheduling Order permits amendment until January 21, 2027 (Dkt. 28), and Plaintiff's motion for leave is pending. The motion's futility argument rests on dates tied to the 2021 arrests, but the SAC rests on the May 23, 2024 decision, which the motion concedes falls within the limitations period. Dkt. 27 at 12. A pro se plaintiff should ordinarily be given an opportunity to amend. *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

**D. The request for attorney's fees should be denied.**

1. **The request is premature.** No judgment has been entered. The motion itself contemplates a fee motion under Rule 54(d)(2) after judgment. Dkt. 27 at 16.

**2. The CSPOA Defendants have not prevailed.** No ruling has rebuffed Plaintiff's claim. The CSPOA Defendants contend that a defendant may prevail after a voluntary withdrawal when "the plaintiff withdrew to avoid a disfavorable judgment on the merits." Dkt. 39 at 20 (quoting *Dean v. Riser*, 240 F.3d 505, 511 (5th Cir. 2001)). That is not what happened. Plaintiff withdrew Count VII to amend his pleading within the time the Scheduling Order allows (Dkt. 28), and within the twenty-one-day period that Rule 11(c)(2) provides so that a party may withdraw or correct a challenged contention without penalty. Treating a timely withdrawal under that safe harbor as a basis for fees would defeat its purpose. And even a prevailing defendant must still show that the claim was frivolous, unreasonable, or without foundation. *Christiansburg*, 434 U.S. at 421.

**3. The claim was not frivolous, and Plaintiff did not continue to litigate it.** The motion argues that Plaintiff "continued to litigate" after receiving notice of its arguments. Dkt. 27 at 15. He did not. The CSPOA Defendants served their letter on October 23, 2026, and Plaintiff withdrew Count VII six days later, within the safe-harbor period of Rule 11(c)(2). Dkt. 35. The motion faults Plaintiff for acknowledging in his complaint that the class-based animus question was unsettled. Dkt. 27 at 15 (citing FAC ¶ 151). Candidly identifying an open question, and then withdrawing the claim when it was contested, reflects good faith, not frivolousness. *See Hughes*, 449 U.S. at 15.

**4. The Myers factors do not favor fees.** *See Myers v. City of West Monroe*, 211 F.3d 289, 292 (5th Cir. 2000). There has been no ruling on the merits. The CSPOA Defendants' "offer" was that Plaintiff dismiss with prejudice and pay them; it was not an offer of value for the claim. Dkt. 27 at 15. Because no fees are owed, the allocation argument under *Fox v. Vice*, 563 U.S. 826, 836 (2011), is moot.

**E. Relief cannot rest on restated claims.**

A ruling under Rule 12 tests the complaint as pleaded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleader defines his claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The motion's requests for dismissal with prejudice and for fees rest in part on restatements of the pleading rather than its text: that the claim is about "speaking at a public seminar," Dkt. 27 at 12; that TCOLE found the content to be "political discourse" and nothing more, *id.* at 13; that Henderson's tie to Mr. Mack is that of "a friend," *id.* at 3, 5; that the claim is a request to prosecute, *id.* at 12; and that candor about an open question was bad faith, *id.* at 14–15. The pleading, and the TCOLE memorandum the motion says controls, say more, as shown in Parts II.A and V.D and below. Relief granted on a restated claim would decide a claim Plaintiff did not plead, to his prejudice.

**F. A ruling on restated claims should not foreclose discovery.**

Dismissal with prejudice and an award of fees would end the claims against the CSPOA Defendants before any discovery, including the jurisdictional discovery described in Part V.B.4. At the pleading stage a conspiracy claim needs only "enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). That evidence includes the training curriculum and recordings, attendee records, communications with Henderson and the Sheriff's Office, and TCOLE's investigative file, which contains audio recordings of CSPOA's Texas events and interviews with attendees. Ex. B at 3. A disposition resting on a restated claim should not close that path.

**G. The certified TCOLE findings ground the nullification the pleading alleges.**

The motion relies on TCOLE's label of "political discourse." Dkt. 27 at 13. Plaintiff has received a certified copy of TCOLE's findings, which TCOLE certifies as "factual findings from a legally authorized investigation." Ex. B (certification); *see* Fed. R. Evid. 803(8)(A)(iii). The same findings state that CSPOA's events taught that sheriffs "have a duty to interpose on behalf of constituents" against "state agents"; invited Texas officers "to step into the roles of court and lawmaker"; taught that "unjust laws" are "nullities"; and urged attendees not to rely on their county attorneys. Ex. B at 3–4. TCOLE found "no meaningful authority" for these theories and found that attendees believed they were being taught the duties of Texas officers. *Id.* at 4. The motion says the memorandum controls. Dkt. 27 at 9, 11. It controls as a whole.

Constitutional rights "can neither be nullified openly and directly" by state officers "nor nullified indirectly by them through evasive schemes." *Cooper v. Aaron*, 358 U.S. 1, 17 (1958). No officer "can war against the Constitution without violating his undertaking to support it." *Id.* at 18. The rights a practice of serving only "constituents" would defeat here are the right to petition for redress, which Plaintiff exercised by filing his complaint with the Sheriff's Office, *see Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011), and access to the State's own processes, including the TEA proceeding. SAC ¶¶ 129–132, 155–158, 246. These are not new claims. They describe what was lost when protection was withheld, and they are why the claims should not be ended before discovery.

## VI. CONCLUSION

Plaintiff asks the Court to deny the Motion to Dismiss (Dkt. 27) as moot, without prejudice to the CSPOA Defendants' right to respond to the operative complaint. In the alternative, Plaintiff asks the Court to deny the Rule 12(b)(2) challenge or permit limited jurisdictional discovery, and to order that any dismissal for lack of personal jurisdiction be without prejudice. Plaintiff further asks the Court to deny the request for attorney's fees and to decline any relief resting on restated claims.

Dated: November 13, 2026

Respectfully submitted,

/s/ Joseph Aaron Caldarera
Joseph Aaron Caldarera, Pro Se
10680 Westbrae Pkwy, P301
Houston, Texas 77031
(936) 510-3221
lt.caldarera@gmail.com

## INDEX OF EXHIBITS

Exhibit A: Jessica Pishko, The fringe ideology of "constitutional sheriffs" is attracting believers within Texas law enforcement, Texas Tribune (Jan. 13, 2023).

Exhibit B: Texas Commission on Law Enforcement, letter to Richard Mack (May 26, 2023) and Memo on Findings and Conclusions (May 25, 2023), with TCOLE's Public Records Certification.

## CERTIFICATE OF WORD COUNT

Under Section 16(c) of the Court's Procedures, I certify that this response contains 2,904 words, excluding the caption, headings, signature block, and certificates.

/s/ Joseph Aaron Caldarera

## CERTIFICATE OF SERVICE

I certify that on November 13, 2026, I served this response and its exhibit on all counsel of record, including Christopher J. Grisham, counsel for the CSPOA Defendants, and Daniel Plake through the Court's electronic filing system and via email.

/s/ Joseph Aaron Caldarera