IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
NOV 20 2026
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| JOSEPH AARON CALDARERA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-04110 |
| | § | |
| CONSTITUTIONAL SHERIFFS AND | § | Judge Nicholas J. Ganjei |
| PEACE OFFICERS ASSOCIATION, | § | |
| INC., *et al.*, | § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WILLIAMS'S MOTION TO DISMISS (DKT. 37)**

Plaintiff Joseph Aaron Caldarera, proceeding *pro se*, responds to the Motion to Dismiss filed by Defendant Leslesy Williams (Dkt. 37). Williams's motion makes no argument of its own. It adopts and incorporates the motion of Defendants Henderson and Inmon (Dkt. 10). Plaintiff therefore adopts and incorporates his response to that motion (Dkt. 34) and adds the points below specific to Williams.

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff filed suit on May 22, 2026 (Dkt. 1) and filed his First Amended Complaint ("FAC") on August 20, 2026 (Dkt. 6). Williams was personally served on October 24, 2026. On October 29, 2026, Plaintiff moved for leave to file a Second Amended Complaint ("SAC") (Dkt. 35) and responded to Dkt. 10 (Dkt. 34). Williams

filed this motion the next day, October 30, 2026, against the FAC (Dkt. 37). The deadline to move for leave to amend is January 21, 2027 (Dkt. 28).

## II. STATEMENT OF FACTS

Williams's motion identifies two allegations specific to him. First, Williams's own report documented Plaintiff's "busted lip and a cut between the eyes." Dkt. 37 at 1 (citing FAC ¶ 42). Second, Williams's report recorded that Plaintiff's brother "hates gay people" and is "homophobic." *Id.* (citing FAC ¶ 44). The SAC pleads the same facts: the deputies recorded Plaintiff's facial injuries, recorded no injury to Christian's face or head, recorded Christian's statement, and arrested Plaintiff on Christian's account. SAC ¶¶ 70–78, 82. Williams was an MCSO deputy until July 28, 2021. SAC ¶ 33; Ex. T.

## III. STATEMENT OF THE ISSUES

1. Whether a motion directed to a pleading Plaintiff had already moved to replace should be denied as moot once leave is granted.
2. Whether, for the reasons in Plaintiff's response to Dkt. 10, the incorporated arguments fail as to Williams.
3. Whether the facts Williams identifies as specific to him are immaterial, as the motion asserts.
4. Whether the claims against Williams, corroborated by TCOLE's findings and Defendants' own published statements, are implausible.

5. Whether, in the alternative, any dismissal should be without prejudice and with leave to amend.

## IV. STANDARD OF REVIEW

A complaint survives a Rule 12(b)(6) motion if it pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "does not impose a probability requirement at the pleading stage." *Id.* at 556. The Court accepts well-pleaded facts as true and draws reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Exhibits attached to a pleading are part of it. Fed. R. Civ. P. 10(c). A *pro se* complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Leave to amend should be freely given. Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## V. ARGUMENT

### A. Williams's argument that the Court should decide his motion on the First Amended Complaint fails.

"An amended complaint supersedes the original complaint and renders it of no legal effect." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Williams filed this motion against the FAC the day after Plaintiff moved for leave to replace it. The Court's Procedures require a movant to identify the issues and confer before filing a Rule 12(b)(6) motion because deficiencies "are often cured in whole or in part by a permissible

amendment." Procedures § 15(b). The October 29, 2026 email conference did not raise the issues identified in the motion. Once leave is granted, the motion should be denied as moot, without prejudice to Williams's right to respond to the SAC.

**B.The arguments Williams adopts from Dkt. 10 fail.**

Because Williams adopts Dkt. 10 in full, Plaintiff adopts and incorporates his response to it (Dkt. 34) as though set out here. In summary, that response shows that: (1) the SAC withdraws the Fourth Amendment, First Amendment, conditions-of-confinement, and § 1985(3) claims, and seeks no damages for the 2021 arrests (Dkt. 34, Part C; SAC ¶¶ 5, 34); (2) Dkt. 10 answers claims Plaintiff did not make, including an "admission" of aggression he never made and a "right to have someone prosecuted" he disclaims (Dkt. 34, Part B; SAC ¶¶ 62–65, 167); (3) the federal claims are timely because they arise from overt acts on or after May 22, 2024 (Dkt. 34, Parts D, H; SAC ¶¶ 175, 177); and (4) the state-law claims against the deputies are pleaded with facts, and any ruling under Tex. Civ. Prac. & Rem. Code § 101.106(f) should be made on the SAC and without prejudice (Dkt. 34, Part H; SAC ¶ 248).

**C.Williams's argument that the facts specific to him "do not warrant additional briefing" fails.**

Dkt. 37 at 1. Those facts are central. Dkt. 10 argues that officers need not credit a suspect's innocent explanation, relying on *District of Columbia v. Wesby*, 583 U.S. 48

(2018). But the evidence the deputies disregarded was not Plaintiff's explanation. It was their own findings: Williams himself recorded the injuries to Plaintiff's face and none to Christian's face or head, and then credited Christian's account of "two closed-fist punches" to his head. SAC ¶¶ 70–78. *Wesby* concerns an unverified explanation, not officers' disregard of what they themselves documented. Williams also recorded Christian's statement that he "hates gay people." Recording that statement and then crediting its speaker against the recorded physical evidence is part of the sequence of events from which discriminatory purpose may be inferred. *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266–68 (1977); SAC ¶¶ 82, 191, 194.

The SAC does not assert a damages claim against Williams for the 2021 arrest. SAC ¶¶ 5, 34. These facts matter as evidence of how the policy operated and of the purpose behind the later denial of protection, and as the basis of the false narrative that reached TEA. SAC ¶¶ 60, 214–216.

**D.Any argument that the claims against Williams are implausible fails.**

The SAC names Williams in his individual capacity only, on Counts IV through VII. SAC ¶ 33. In the § 1983 conspiracy count, he is named as a participant in an agreement to carry out CSPOA's doctrine, whose overt acts within the limitations period injured Plaintiff, and damages are sought only for injury caused by overt acts on or after May 22, 2024. SAC ¶¶ 34, 177, 224–233. In this Circuit, "the actionable civil injury to a plaintiff results from the overt acts of the defendants," and accrual runs separately from

each overt act. *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir. 1987). The SAC also pleads state-law claims against Williams for intentional infliction of emotional distress, injurious falsehood, and civil conspiracy, with tolling invoked only for the first two. SAC ¶¶ 179, 234–257.

The doctrine at the center of the conspiracy is pleaded through the certified findings of the Texas Commission on Law Enforcement, which quote the material CSPOA presented to Texas officers, including that "[t]his is a war," that sheriffs "have a duty to interpose," and that "unjust laws" are "nullities." SAC ¶¶ 43–45; Ex. A. Plaintiff's response to Dkt. 36, filed today, sets out the ten findings and explains why allegations corroborated by them are plausible. Those findings are admissible as "factual findings from a legally authorized investigation," Fed. R. Evid. 803(8)(A)(iii), and the burden of showing them untrustworthy rests on the opponent, Fed. R. Evid. 803(8)(B). The doctrine was also published by its own authors: CSPOA recorded the February 2021 training it co-presented with MCSO and posted it on YouTube, including Henderson's statement that reaching a person through another charge is "just a matter of subterfuge." SAC ¶¶ 17, 54; Exs. Y, Z. Allegations resting on a state agency's findings and on Defendants' own published words are plausible. Whether Williams joined the agreement is a question of fact for discovery.

**E. Williams's argument concerning the FAC's arrest-motive allegation is moot.**

Williams's motion notes the FAC's allegation that he arrested Plaintiff "at least in part" because of a remark Plaintiff made to his brother. Dkt. 37 at 1 (citing FAC ¶¶ 92–93). That allegation supported a First Amendment claim the SAC withdraws. SAC ¶ 5.

**F. In the alternative, any dismissal should be without prejudice and with leave to amend.**

If the Court reaches the merits of the FAC and finds any claim against Williams deficient, dismissal should be without prejudice and with leave to amend. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

Plaintiff also gives notice that he intends to seek leave to file a Third Amended Complaint before the January 21, 2027 deadline. Defendant Mack's recent book, Daniel Perkins & Richard Mack, *The Democrat Murder of America: Demagoguery in the First Degree* (Mac&D Publishing 2026), contains statements bearing on knowledge and intent, which are essential elements of the conspiracy claim, and which the SAC does not plead, including Mack's account of the February 2021 Woodlands conference and of telling the officers there that stopping an enforcement action "usually . . . just takes a phone call." *Id.* at 224–26. Leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).

## VI. CONCLUSION

Plaintiff asks the Court to grant his Motion for Leave to File Second Amended Complaint (Dkt. 35) and deny Williams's Motion to Dismiss (Dkt. 37) as moot; or, in the alternative, to deny the motion for the reasons stated here and in Plaintiff's response to Dkt. 10 (Dkt. 34), and to dismiss any claim found deficient without prejudice and with leave to amend.

Dated: November 20, 2026

Respectfully submitted,

/s/ Joseph Aaron Caldarera
Joseph Aaron Caldarera, *Pro Se*
10680 Westbrae Pkwy, P301
Houston, Texas 77031
(936) 510-3221
lt.caldarera@gmail.com

## CERTIFICATE OF WORD COUNT

Under Section 16(c) of the Court's Procedures, I certify that this response contains 1,610 words, excluding the caption, signature block, and certificates, as counted by my word-processing software.

/s/ Joseph Aaron Caldarera

## CERTIFICATE REGARDING USE OF ARTIFICIAL INTELLIGENCE

Artificial intelligence was used for researching, outlining, drafting, and editing this document. I have reviewed the document and verified its factual assertions and legal citations, and I am responsible for its contents under Rule 11 of the Federal Rules of Civil Procedure.

/s/ Joseph Aaron Caldarera

## CERTIFICATE OF SERVICE

I certify that on November 20, 2026, I served this document on all counsel of record, including Daniel Plake and Christopher J. Grisham, through the Court's CM/ECF system and by email to both.

/s/ Joseph Aaron Caldarera