**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSEPH AARON CALDARERA,<br>Plaintiff,<br><br>v.<br><br>CONSTITUTIONAL SHERIFFS AND PEACE OFFICERS ASSOCIATION, INC., et al.,<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br>Civil Action No. 4:26-cv-04110<br><br>Judge Ganjei |

**DEFENDANTS CONSTITUTIONAL SHERIFFS AND PEACE OFFICERS ASSOCIATION, INC. AND RICHARD MACK'S RESPONSE IN OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE NO. 11**

Defendants Constitutional Sheriffs and Peace Officers Association, Inc. ("CSPOA") and Richard Mack (together, the "CSPOA Defendants") file this Response in Opposition to Plaintiff's Request for Judicial Notice No. 11 (Dkt. 45) and respectfully show the Court as follows.

This case is at the pleading stage. The only question before the Court is whether the Second Amended Complaint states a claim. Plaintiff does not answer that question by defending his pleading. He answers it by filing a twenty-year-old FBI intelligence assessment about white supremacists, the Ku Klux Klan, and "ghost skins," a document he admits "predates CSPOA and does not mention it." (Dkt. 45 at 6.) This is the eleventh such filing. A federal docket is not a scrapbook, and Rule

201 is not a device for filling one. The Request should be denied, and the practice should end.

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff, proceeding pro se, sues the CSPOA Defendants and several Montgomery County defendants in a Second Amended Complaint ("SAC") (Dkt. 35). The CSPOA Defendants moved to dismiss under Rule 12(b)(6) (Dkt. 27), as did the Montgomery County Defendants (Dkt. 36). Those motions are pending.

On November 24, 2026, Plaintiff filed his Request for Judicial Notice No. 11, with 52 pages of exhibits. (Dkt. 45, 45-1.) As its title announces, it is the eleventh request of its kind. See Dkt. Nos. 15, 22, 29, 30 31, 45, 46, and 47 (prior requests).[1]

## II. STATEMENT OF FACTS

The Request asks the Court to notice fourteen "facts." Each is a quotation lifted from one of two documents: a 2006 FBI Counterterrorism Division intelligence assessment titled "White Supremacist Infiltration of Law Enforcement" (Ex. 11-A), and the printed record of a 2020 House subcommittee hearing at which that assessment was discussed (Ex. 11-B). (Dkt. 45 at 2-5.)

---

[1] Plaintiff's certificate of conference states that he conferred with undersigned counsel about "this request" on October 9, 2026. (Dkt. 45 at 9.) The CSPOA Defendants were not served until October 16, 2026, and the Request was not filed until November 24, 2026. A blanket exchange about unspecified future "requests for judicial notice," weeks before the document existed, is not a conference on this Request. *See* Judge Ganjei Court Procedures § 15(a).

Plaintiff's own concessions dispose of the Request. He admits the Assessment "predates CSPOA and does not mention it." (*Id.* at 6.) He admits he "does not contend that any Defendant is a member of any group named in the Assessment." (*Id.*) He says he does not ask the Court to accept any statement in either exhibit as true. (*Id.* at 5.) And his own Request reports that the FBI itself has described the Assessment as "an irrelevant and outdated document." (*Id.*) He nevertheless offers it for three "limited purposes": the plausibility of his claims, the "nature of the objective," and "public knowledge." (*Id.* at 6-8.)

## III. ISSUE AND STANDARD OF REVIEW

The issue is whether the Court should take judicial notice, at the Rule 12(b)(6) stage, of the contents of a 2006 intelligence assessment and a 2020 congressional hearing that concededly do not concern any Defendant.

Rule 201 governs judicial notice of an "adjudicative fact only." Fed. R. Evid. 201(a). A court may notice a fact that "is not subject to reasonable dispute" because it is generally known or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The decision is reviewed for abuse of discretion. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). In deciding a Rule 12(b)(6) motion, the Court's review is limited to the complaint, its proper attachments, documents incorporated by reference, and matters properly subject to judicial notice. *Lone Star Fund V (U.S.), L.P. v. Barclays*

*Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008). Even when a public record qualifies, notice establishes only that the record exists and what it says. It never establishes that what the record says is true. *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829-31 (5th Cir. 1998); *Micah 6:8 Mission v. Reynolds Metals Co.*, No. 25-30673, slip op. at 3 (5th Cir. Aug. 5, 2026) (per curiam) (unpublished).

## IV. ARGUMENT

### A. Rule 12(b)(6) Tests the Complaint, and Plaintiff Cannot Backfill It with Evidence.

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The operative word is "pleads." Plausibility is measured by what the SAC alleges these Defendants did. It is not measured by what FBI analysts wrote about strangers two decades ago. In ruling on a motion to dismiss, a district court may not go outside the complaint, subject only to narrow exceptions. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The Assessment is not attached to the SAC, is not referenced in it, and is not central to any claim. Plaintiff could not credibly say otherwise about a document that does not mention a single party to this lawsuit.

Plaintiff's stated purpose proves the point. He offers the Assessment to show that his theory is "neither novel nor fanciful." (Dkt. 45 at 6.) That is an argument about the weight of evidence, and it is being made before a single fact has been tested. If the SAC's factual allegations are sufficient, the Assessment adds nothing. If they are not, the Assessment cannot rescue them, because a deficient pleading is cured by amendment, not by a parade of exhibits filed in the margins of the docket. *Cf. Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) (claim raised outside the complaint is not properly before the court).

The Federal Rules prescribe an order of operations: pleadings, then discovery, then evidence at summary judgment and trial, where it is subject to authentication, hearsay, and relevance objections and to adversarial testing. Plaintiff is attempting to assemble an evidentiary record now, one "request" at a time, before the Court has decided whether he has stated a claim at all. That is backwards, and it is improper.

### B. The Request Seeks Notice of Nothing Adjudicative and, by Plaintiff's Own Admission, Nothing Relevant.

Rule 201 reaches adjudicative facts only. Fed. R. Evid. 201(a). Adjudicative facts are "simply the facts of the particular case." Fed. R. Evid. 201 advisory committee's note to subdivision (a). They are the facts about these parties and this dispute. A 2006 assessment of white supremacist groups is not a fact of this case under any reading, and Plaintiff says so himself: the document predates CSPOA,

does not mention CSPOA, and concerns groups to which no Defendant is alleged to belong. (Dkt. 45 at 6.)

Evidence is relevant only if it tends to make a fact of consequence more or less probable. Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. Plaintiff invokes Rule 201(c)(2)'s statement that a court "must" take notice when asked and supplied with the necessary information, but that provision presupposes a fact that qualifies for notice in the first place. It does not convert every government publication on the internet into part of the record of every lawsuit. A document that is about someone else, written before the lead Defendant existed, has no place here.

### C. Each of Plaintiff's Three "Limited Purposes" Depends on the Truth of the Documents' Contents.

Plaintiff insists he seeks notice only that the Assessment "exists and says what it says." (Dkt. 45 at 5.) His own argument abandons that position within a page. He contends the Assessment "shows" that the FBI treated "exactly this phenomenon as a matter of national concern" and that his allegations describe "a pattern the federal government has studied for two decades." (*Id.* at 6.) He contends it "shows that federal counterterrorism analysts regard" certain conduct "as a threat to government itself." (*Id.* at 7.) Those are uses of the contents for their truth, and then by analogy

to an entirely different subject. The Fifth Circuit forbids exactly that. *Taylor*, 162 F.3d at 829-31; *Micah 6:8 Mission*, slip op. at 3.

Nor could the contents qualify. Judicial notice is reserved for "self-evident truth[s] that no reasonable person could question." *Taylor*, 162 F.3d at 830 (quoting *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334, 347-48 (5th Cir. 1982)). An intelligence assessment is the opposite. By its own terms it is analysts' judgment derived from "FBI investigations and open sources." (Dkt. 45-1 at 3.) It is opinion layered on hearsay. And according to Plaintiff's own Request, the agency that wrote it now calls it "irrelevant and outdated." (Dkt. 45 at 5.) A document its own author disavows is not a source "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

The third purpose, "public knowledge," fares no better. Plaintiff cites *Board of County Commissioners v. Brown*, 520 U.S. 397 (1997), for the proposition that a known or obvious risk bears on a policymaker's state of mind. (Dkt. 45 at 7.) That theory is directed at a county policymaker, not at CSPOA or Mr. Mack, and the Request points to no allegation in the SAC that any Defendant ever read, received, or knew of the Assessment or the hearing. State of mind must be pleaded with facts. It cannot be supplied by asking the Court to notice that a document was available somewhere in the Congressional Record.

**D. The Request Is Insinuation, and Exhibit 11-A Is Not Authenticated.**

Strip away the citations and the Request does one thing. It places the words "white supremacist," "Ku Klux Klan," "ghost skins," and "terrorism" on the docket beside the names of CSPOA and Richard Mack, while disclaiming in the same breath any contention that either has anything to do with them. A litigant who concedes he has no such allegation to make has no business filing 52 pages designed to suggest it. That is not evidence. It is innuendo, and any conceivable probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403.

Exhibit 11-A is also unauthenticated. Plaintiff does not say where he obtained it. He asks the Court to infer its authenticity from passages quoted at a hearing. (Dkt. 45 at 8.) A source that must be corroborated by inference from a second document is, by definition, not one whose accuracy cannot reasonably be questioned.

**E. Plaintiff's Serial Requests Burden the Court and the Parties and Should Be Stopped.**

This is Request No. 11. Each one arrives with a stack of exhibits. Each one must be read, analyzed, and answered within twenty-one days, because a failure to respond is taken as a representation of no opposition. S.D. Tex. L.R. 7.4. None has anything to do with whether the SAC states a claim. The cost of this exercise is not abstract. The CSPOA Defendants pay for every hour their counsel spends reading

documents about organizations they have no connection to, and the Court's time is consumed in equal measure.

Plaintiff's pro se status does not excuse it. A pro se litigant must comply with the rules of procedure like anyone else. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). "[O]ne acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). Rule 11 applies to unrepresented parties and prohibits filings presented to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). This Court's own procedures warn that pro se parties who fail to follow the rules are subject to sanctions. Judge Ganjei Court Procedures § 1(b).

The Court has inherent authority to control its docket and to curb abusive filing practices. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991). The CSPOA Defendants ask the Court to exercise it in a modest and tailored way: by ordering that Plaintiff file no further requests for judicial notice or other evidentiary submissions directed to the pending motions to dismiss without first obtaining leave of Court. Plaintiff loses nothing by such an order. If any claim survives, he will have discovery and every opportunity to offer admissible evidence at the proper time. The CSPOA Defendants reserve the right to seek their fees and costs under Rule 11 and the Court's inherent power.

## V. CONCLUSION

For these reasons, Defendants Constitutional Sheriffs and Peace Officers Association, Inc. and Richard Mack respectfully ask the Court to (1) deny Plaintiff's Request for Judicial Notice No. 11 (Dkt. 45); (2) decline to consider Exhibits 11-A and 11-B (Dkt. 45-1) in ruling on the pending motions to dismiss; (3) order that Plaintiff file no further requests for judicial notice or evidentiary submissions directed to the pending motions to dismiss without leave of Court; and (4) grant the CSPOA Defendants all other relief to which they are justly entitled.

Respectfully submitted,

*/s/ C.J. Grisham*

C.J. Grisham
Attorney-in-Charge
State Bar No. 24124533
S.D. Tex. Federal ID No. 24124533
cj@gfalaw.us
GFA Law, PLLC
3809 S. General Bruce Dr.,
Suite 103-101
Temple, Texas 76502
Telephone: 254-405-1726

**COUNSEL FOR DEFENDANTS CONSTITUTIONAL SHERIFFS AND PEACE OFFICERS ASSOCIATION, INC. AND RICHARD MACK**

## CERTIFICATE OF WORD COUNT

This Response contains 2,190 words, excluding the caption, signature block, and certificates, as counted by the word-processing software used to prepare it.

*/s/ C.J. Grisham*
C.J. Grisham

## CERTIFICATE OF SERVICE

I certify that on November 25, 2026, a true and correct copy of the foregoing, together with the proposed order, was filed through the Court's CM/ECF system, which will serve all counsel of record, and was served on Plaintiff Joseph Aaron Caldarera, pro se, by email at lt.caldarera@gmail.com.

*/s/ C.J. Grisham*
C.J. Grisham